**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 24-35761 (JPN) |
| JETALL COMPANIES, INC., | § | |
| | § | Chapter 11 |
| Alleged Debtor. | § | |

**NATIONAL BANK OF KUWAIT, S.A.K.P., NEW YORK BRANCH'S**
**OBJECTION TO JOINT MOTION OF PETITIONING CREDITORS**
**TO DISMISS INVOLUNTARY PETITION AGAINST JETALL COMPANIES, INC.**
**[Relates to ECF No. 24]**

National Bank of Kuwait, S.A.K.P., New York Branch ("NBK") objects to the joint motion of Petitioning Creditors,[1] upon consent and waiver of alleged debtor Jetall Companies, Inc. ("Jetall Companies" or the "Alleged Debtor"), to dismiss (the "Motion to Dismiss") the involuntary petition (the "Involuntary") against Jetall Companies. In support, NBK represents as follows:

**PRELIMINARY STATEMENT**

1.      As this Court has already noted, the filing of the Involuntary was "suspect," based in part on its timing,[2] and the timing of action in bankruptcy court is a "significant factor" in determining the motive behind it.[3] The filing of the Motion to Dismiss is at least as suspect as the filing of the Involuntary itself in that the Motion to Dismiss (i) comes shortly after Jetall Companies exhausted all of its opportunities to prevent enforcement of the Sale Order entered in the chapter 11 case of an affiliate, Galleria 2425 Owner, LLC ("Galleria 2425"), requiring Jetall

---

[1]     EAO Global LLC, M. Nasr & Partners, PC, and Ron Madriz (collectively, the "Petitioning Creditors").

[2]     Case No. 23-34815, ECF No. 870 at pp. 2, 3 n.16.

[3]     *See In Re G-2 Realty Trust*, 6 B.R. 549, 554 (Bankr.D.Mass.1980) (finding debtor acted in bad faith by altering legal form solely to become eligible as a debtor under the Bankruptcy Code and granting secured lender's motion to dismiss an involuntary chapter 11 petition commenced by unsecured lenders).

Companies to vacate the Property (defined below) and (ii) does not even attempt to address the relevant standard for dismissal of involuntary bankruptcy cases.

2.    Independently, but most especially in combination, these two facts demonstrate that the Involuntary was a coordinated tactical effort to disrupt enforcement action against Jetall Companies in the Galleria 2425 case without Jetall Companies itself ever having an order for relief entered against it, which would subject it to disclosure requirements through the filing of schedules and a statement of financial affairs, to under-oath testimony requirements at, among other things, a section 341 meeting, and to the potential that, as happened in the Galleria 2425 chapter 11 case, management could be displaced and an independent fiduciary appointed.

3.    Under these circumstances, dismissal of the Involuntary should not happen unless and until (a) the Petitioning Creditors credibly explain why they filed the Involuntary, why they now seek its dismissal, and why dismissal is in the best interest of creditors and (b) Jetall Companies demonstrates that the Involuntary should be dismissed under section 303(j) because it is paying its debts as they come due and that it has not transferred assets or otherwise made avoidable payments.  Information already before the Court indicates that Jetall Companies is not paying its debts as they come due, as discussed below.

4.    Indeed, if the Involuntary is dismissed without these showings, dismissal would not be in the best interest of creditors and this Alleged Debtor, and other alleged debtors could be encouraged to abuse the involuntary system when, in fact, they do not want to be subject to bankruptcy court jurisdiction but they do want a temporary respite from adversarial actions that flow from the automatic stay of section 362(a), which goes into effect immediately on the filing of an involuntary petition.

4931-2742-2479.v6

## FACTUAL BACKGROUND

### A.     Affiliated Bankruptcy Cases

5.     Ali Choudhri is the president and director of Jetall Companies; the sole member and director of Jetall Capital, Inc. ("Jetall Capital"); and the managing member (and the ultimate sole owner) of Galleria 2425 and 2425 WL, LLC.

6.     On May 23, 2018, NBK loaned Galleria 2425 approximately $52 million (the "Loan") to purchase real property including an office building located at 2425 West Loop South, Houston, Texas 77027 (the "Property").  Beginning in April 2020, Galleria 2425 defaulted on the Loan, and notices of default were issued.

7.     Minutes before a public foreclosure auction was set to begin on July 5, 2023, Galleria 2425 filed a voluntary chapter 11 petition (*"Galleria I"*) in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").  Bankruptcy Judge Christopher Lopez thereafter *sua sponte* dismissed *Galleria I* on November 1, 2023, finding no reasonable likelihood that the debtor could propose a confirmable chapter 11 plan.[4]  NBK again prepared to foreclose on the next available date under Texas law, December 5, 2023.

8.     Galleria 2425 filed a second voluntary chapter 11 petition ("*Galleria II*") in the Bankruptcy Court just minutes before that foreclosure auction was set to begin.  On January 31, 2024, at the end of a hearing on NBK's motion to convert *Galleria II* to a chapter 7 case, this Court ordered the appointment of a chapter 11 trustee (the "Chapter 11 Trustee") due to an inescapable conflict between Galleria 2425, Jetall Companies, 2425 WL, and Ali Choudhri ("Mr. Choudhri").[5] The debtor's counsel's fee application was later denied because counsel "crossed a very thin line

---

[4]     Case No. 23-60036, ECF No. 105.

[5]     Case No. 23-34815, ECF No. 99.

4931-2742-2479.v6

and in effect began to represent interests adverse to the estate," including Jetall Companies'

interests.[6]  Galleria 2425 never proposed a confirmable chapter 11 plan, and, on June 22, 2024,

this Court confirmed NBK's chapter 11 plan of liquidation of Galleria 2425 (the "Plan").

9.      On July 8, 2024, this Court authorized the Chapter 11 Trustee to sell the Property

(the "Sale Order") free and clear of all liens, claims, encumbrances, and other interests, including

Jetall Companies' office lease, to QB Loop Property LP ("QB Loop"), another entity affiliated

with Mr. Choudhri, and if QB Loop failed to close, to NBK as the backup bidder.[7]  On August 9,

2024, QB Loop failed to close.[8]  On August 20, 2024, the Chapter 11 Trustee sold the Property to

NBK's assignee and designee Houston 2425 Galleria, LLC ("Houston 2425") free of, among

others, Jetall Companies' lease.[9]  Jetall Companies' lease was not assumed by Houston 2425.

10.     NBK's Plan went effective on August 21, 2024, and the Chapter 11 Trustee now

serves as the Liquidation Trustee.  Jetall Companies and Jetall Capital both asserted claims in

*Galleria II*, and Jetall Capital's claims were disallowed in their entirety in response to an objection

by the Trustee.  Another Choudhri-owned affiliate, 2425 WL, LLC, asserted a fraudulent claim,

and the Court referred the matter to the United States Attorney for investigation.[10]

---

[6]   Case No. 23-34815, ECF No. 790.

[7]   *Order (a) Approving Asset Purchase Agreement Between the Trustee and QB Loop Property LP; (B) Approving the Sale of the Property Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (C) Approving Assumption and Assignment of Executory Contracts and Leases; (D) Determining the Amounts Necessary to Cure Such Executory Contracts and Unexpired Leases; and (E) Granting Related Relief* [Case No. 23-34815, ECF No. 608].

[8]   Case No. 23-34814, ECF No. 658.

[9]   Case No. 23-34814, ECF No. 675.

[10]  Case No. 23-34814, ECF No. 717.

4931-2742-2479.v6

B.     **The Involuntary Is Filed; Jetall Companies Is Compelled to Vacate the Property**

11.     The Sale Order required Jetall Companies to vacate the Property.  It refused.

Houston 2425 filed a motion seeking to enforce the relevant provisions of the Sale Order,[11] which

the Court set for hearing on December 5, 2024.

12.     At 9:12 p.m. the night before that hearing was set to begin, a single petitioning

creditor filed an involuntary chapter 11 petition in the United States Bankruptcy Court for the

Western District of Texas,[12] commencing the Involuntary and creating a chapter 11 estate of Jetall

Companies, Inc. (the "Estate").  The petitioning creditor listed Jetall Companies' principal place

of business as 13498 Pond Springs Road, Austin, Texas 78729[13] even though numerous other

filings, including Jetall Companies' own filings in Galleria 2425's bankruptcy cases, listed its

address as 1001 West Loop South, Suite 700, Houston, Texas 77027.  The only possible inference

from this timing is that the Involuntary was filed to disrupt the December 5, 2024 hearing on

NBK's motion to enforce the Sale Order and compel Jetall Companies to vacate the Property.

There has never been any explanation by the original petitioning creditor about its motivation for,

and the timing of, the filing of the Involuntary.

13.     On December 6, 2024, the Involuntary was transferred to this Court.  Thereafter,

this Court entered its *Order Annulling the Automatic Stay*,[14] based on the findings in its

*Memorandum Opinion*,[15] describing the Involuntary as "suspect" and noting the Involuntary "was

---

[11]   *NBK's (Renewed) Emergency Motion to Enforce Sale Order* [Case No. 23-34815, ECF No. 838] (the "Enforcement Motion").

[12]   Case No. 24-11544.

[13]   ECF No. 1.

[14]   ECF No. 4.

[15]   Case No. 34815, ECF No. 870.

4931-2742-2479.v6

filed less than 12 hours prior to the scheduled hearing" on the Enforcement Motion.  This Court granted the Enforcement Motion and ordered Jetall Companies to vacate the Property by December 13, 2024 (the "Enforcement Order").[16]

14.     On December 10, 2024, Jetall Companies appealed the Enforcement Order.  On December 11, 2024, this Court and the U.S. District Court for the Southern District of Texas denied Jetall Companies' motions for a stay of the Enforcement Order pending appeal.[17]   On December 18, 2024, the United States Court of Appeals for the Fifth Circuit denied Jetall Companies' emergency motion for a stay of the Enforcement Order pending appeal.[18]   On December 24, 2024, the U.S. Marshal Service implemented the Enforcement Order, and Jetall Companies was removed from the Property.

15.     After Jetall Companies' stay requests were denied and the Enforcement Order was implemented, the involuntary petition was amended and supplemented to change Jetall Companies' principal place of business to 1001 West Loop South, Suite 700, Houston, Texas 77027 and add a second and third petitioning creditor.[19]  Jetall Companies, not the Petitioning Creditors, requested reconsideration of the annulment of the automatic stay,[20] confirming Jetall's goal of being protected by the automatic stay.  The motion for reconsider was denied,[21] and then Jetall Companies appealed the annulment.[22]

---

[16]    Case No. 23-34815, ECF No. 871.

[17]    Case No. 23-34815, ECF No. 897; Case No. 4:24-cv-04835, minute entry order at December 11, 2024.

[18]    Case No. 24-20552, ECF No. 26.

[19]    ECF Nos. 6, 16.  The total amount claimed by Petitioning Creditors is currently $505,156.79.  Petitioning Creditor EAO Global LLC claims $99,994.79 is owed for consulting services.  Petitioning Creditor M. Nasr & Partners, PC claims $401,562 is owed for consulting services.  Petitioning Creditor Ron Madriz claims $3,600 is owed for web development / information technology services.

[20]    ECF Nos. 14, 15.

[21]    ECF No. 18.

[22]    ECF No. 22.

16.     Since the Involuntary was filed, non-petitioning creditors, such as AMEX TRS Co., Inc. and Harris County, *et al.*, have filed proofs of claims, evidencing overdue balances owed by Jetall Companies.[23]

17.     Then, on January 9, 2025, the three petitioning creditors filed the Motion to Dismiss and, though not required under 11 U.S.C. § 303 or any other section of the Bankruptcy Code, averred:

> In connection with this Motion to Dismiss, each of the Petitioning Creditors aver that: (1) they received nothing, including a promise of future consideration, in return from the Alleged Debtor in return for filing the Involuntary Petition and commencing this Involuntary Bankruptcy Case; and (2) they received nothing, including a promise of future consideration, in return from the Alleged Debtor in return for filing this Motion to Dismiss.

Motion to Dismiss ¶ 4.

18.     The Motion to Dismiss is devoid of any reason explaining why the Petitioning Creditors filed the Involuntary in the first place or why they have decided to move for its dismissal. Furthermore, on its face, the Motion to Dismiss reflects a promise by Jetall Companies not to pursue claims against the Petitioning Creditors for filing the Involuntary in bad faith.[24]

### C.     Jetall Companies and Jetall Capital

19.     Jetall Companies and Jetall Capital, which was formed on February 9, 2023, share an office at 1001 West Loop South, Suite 700, Houston, Texas 77027.  When one tries to access the Jetall Companies website at www.jetallcompanies.com, one is automatically redirected to Jetall Capital's website at www.jetallcapital.com. The Jetall Capital website contains a designation

---

[23]   Claim Nos. 1, 2.  The total amount claimed by non-petitioning creditors is currently $62,236.33.  Although the scope of the pool of claims against Jetall Companies is unknown at this stage, the Liquidation Trustee has a contingent litigation claim against the Estate in connection with *Murray (Trustee) v. Jetall Companies, Inc.*, Case No. 24-03117 (Bankr. S.D. Tex.).   NBK may also have a contingent litigation claim against the Estate in connection with *Jetall Companies, Inc. v. Jackson Walker, LLP, et al.*, Case No. 24-03257 (Bankr. S.D. Tex.), *Galleria I*, *Galleria II*, adversary proceedings thereunder, and other related state court proceedings.

[24]   ECF No. 24 ¶ 3 (". . . with the Alleged Debtor's waiver of the right to judgment under 11 U.S.C. § 303(i) . . .").

4931-2742-2479.v6

of "Copyright © 2023 Jetall Capital, Inc.," which appears to be a conflation of Jetall Companies, Inc. and Jetall Capital, LLC.  The contact email address provided on the website still uses an "@jetallcompanies.com" email domain.   The URL for the website was previously jetallcompanies.com.[25]  As recently as December 4, 2022, the homepage for the website referred to Jetall Companies rather than Jetall Capital, as shown in the following screenshot.[26]

**STUNNING COMMERCIAL PROPERTIES IN THE HEART OF UPTOWN HOUSTON**

"What I like about real estate is the vision not to see things as they are, but what they can be."
- Jetall Companies, Inc.

20.     Jetall Capital's website lists eleven properties on its "Properties" page.[27]  There is a hyperlinked photograph with a Jetall Capital logo for each property.  The hyperlinks direct traffic to individual pages for each property that provide a property overview, property facts, and additional photos.  Jetall Capital's name is again listed at the top of each property page.  The list of properties includes properties known or believed to be owned by others.  For example, one of the "Properties" is the property located at 2425 West Loop South, Houston, Texas (the Property sold pursuant to the Sale Order),[28] where Jetall Capital states it has space to lease.

## ARGUMENT AND AUTHORITIES

21.     A bankruptcy court must evaluate an involuntary petition's impact on all creditor constituencies, not just the petitioning creditors, before dismissing it.  "Thus, an involuntary

---

[25]   https://web.archive.org/web/*/jetallcompanies.com/*.

[26]   https://web.archive.org/web/20221204154518/https://jetallcompanies.com/.

[27]   https://jetallcapital.com/properties/.

[28]   https://jetallcapital.com/property-item/2425-west-loop-south/.

4931-2742-2479.v6

petition that seeks to achieve objectives that benefit all creditors is consistent with the Bankruptcy Code's goal to 'secure equal distribution among creditors.'" *In re Taberna Preferred Funding IV, Ltd.*, 594 B.R. 576, 601 (Bankr. S.D.N.Y. 2018) (quoting H*oward Delivery Serv., Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 655 (2006)).

22.     To assure that this evaluation happens, "[s]ection 303(j) provides that, for a petition to be dismissed, there must be written notice to all creditors and then a hearing.  The notice to creditors should contain a disclosure by the moving party *as to why dismissal is sought*." 2 COLLIER ON BANKRUPTCY ¶ 303.34 (16th ed., 2024) (emphasis added).  The Motion to Dismiss makes no disclosure justifying dismissal or how dismissal is in the best interest of creditors.  It also provides no explanation of the reasons for filing the Involuntary in the first place.

23.     Furthermore, even accepting, for the sake of argument, the representations in the Motion to Dismiss that the Petitioning Creditors received nothing for filing or agreeing to dismiss the Involuntary, the timing described above and the representation that the Petitioning Creditors were not bought off beg the question whether the filing itself was a ruse designed to forestall the Enforcement Motion and to be dismissed if Jetall Companies was forced to vacate the Property, even without cash consideration trading hands.

24.     Whatever the explanation, it requires investigation and confirmation.  Without answers, the integrity of the bankruptcy system is at risk because a dismissal on this record might embolden alleged debtors and those with whom they are aligned to manipulate involuntary cases to obtain some benefits from a filing, like the automatic stay, even though, for example, an alleged debtor is not paying its debts as they come due.[29]  In this case, it seems impossible that Jetall

---

[29]     *See, e.g., In re Petrus*, 662 B.R. 713, 793-94 (Bankr. D. Nev. 2024) (denying dismissal based upon finding that alleged debtor generally not paying his debts as they became due and concluding that "issue of the good faith or bad faith of . . . petitioning creditor is simply not relevant to the threshold issue of whether the Court should enter an order for relief").

Companies can successfully demonstrate that it is generally current on its obligations. A debt of more than $500,000 to the Petitioning Creditors is unlikely to be newly incurred. The $51,271.75 reflected on the AMEX proof of claim shows overdue payments by over 5 months.[30] And the Harris County proof of claim shows delinquent taxes owed for over a year.[31]

25.     It similarly is hard to imagine that dismissal would be in the best interest of creditors generally. As noted above, the link between Jetall Companies and Jetall Capital is clear. Indeed, Jetall Companies appears to be a legacy entity, a predecessor to Jetall Capital. "Jetall Companies, Inc. is a family-owned real estate [i]nvestment and management company, which commenced operations in 1961 in London, England."[32]  Jetall Companies' effective Secretary of State registration date is July 12, 2004. Jetall Capital's certificate of formation was filed with the Secretary of the State of Texas on February 9, 2023. Jetall Companies has seemingly transferred its business to Jetall Capital, which transfers must be investigated to determine, for example, whether there are avoidance claims to pursue for the benefit of all creditors.

26.     Although this kind of evaluation into motive, justifications, transfers, and the best interest of creditors often occurs when an alleged debtor makes a payment or promise to the petitioning creditors in exchange for dismissal,[33] the same inquiry and analysis is warranted where,

---

[30]     *See* Claim No. 2-1 at p. 5 of 7.

[31]     *See* Claim No. 1-1 at p. 4 of 5.

[32]     https://jetallcapital.com/about-us/.

[33]     "If the dismissal is based on a settlement between the petitioning creditors and the debtor, the court is required to assess whether the settlement is in the best interests of the estate." 2 COLLIER ON BANKRUPTCY ¶ 303.34 (16th ed., 2024) (citing *In re Warren*, 181 B.R. 136, 138 (Bankr. N.D. Ala. 1995)). Disclosure of any settlement is necessary to ensure no abuse of the bankruptcy process and equal treatment of creditors. *See In re Warren*, 181 B.R. 136, 138 (Bankr. N.D. Ala. 1995) (denying dismissal of involuntary petition because settlement between alleged debtor and petitioning creditors did not treat similarly situated creditors equally); *In re Rajneesh Neo-Sannyas Intern. Commune*, 59 B.R. 49, 52 (Bankr. D. Or. 1986) (same); *In re Wayne's Sport Haus, Ltd.*, 27 B.R. 521, 522 (Bankr. E.D. Mich.1983) (same); *In re Broshear*, 122 B.R. 705, 707-08 (Bankr. S.D. Ohio 1991) (creditor had standing to object to dismissal of involuntary bankruptcy petition, even though creditor could not have joined in involuntary petition because its claim was subject to bona fide dispute, and motion to vacate order dismissing involuntary chapter 7 case was granted).

4931-2742-2479.v6

as here, the existing facts strongly suggest that the Involuntary was coordinated to obtain benefits

for Jetall Companies, without it ever having to have an order for relief entered against it or

intending to be a debtor under the Bankruptcy Code.

27.     Given the suspicious nature of the filing of the Involuntary and the Motion to

Dismiss, the Motion to Dismiss should be denied unless and until Jetall Companies proves that the

statutory prerequisites compelling the entry of an order for relief are not present, and the

Petitioning Creditors prove they were not colluding with the Alleged Debtor in filing the

Involuntary *and* seeking its dismissal and that dismissal is in the best interests of creditors

generally.[34]

28.     Indeed, in this circuit, courts have applied a "special circumstances" exception to

the technical requirements of section 303(b) "when there is fraud, trick, artifice or scam by an

alleged debtor" to deny dismissal of an involuntary case even where, technically, the conditions to

sustain an involuntary case are not met.  *See In re Smith*, 415 B.R. 222, 238 (Bankr. N.D. Tex.

2009) (citing *In re Moss*, 249 B.R. 411, 424 (Bankr. N.D. Tex. 2000); *In re Norriss Bros. Lumber

Co., Inc.*, 133 B.R. 599 (Bankr. N.D. Tex. 1991)).  Thus, in the event that the Petitioning Creditors

can manufacture some deficiency in the requirements under section 303 for an order for relief, the

Court should not dismiss on a technicality.

## CONCLUSION

29.     For the foregoing reasons, the Court should deny the Motion to Dismiss and enter

an order for relief against Jetall Companies.  A form of order is attached as **Exhibit A** for the

Court's consideration and use.

---

[34]     In considering whether to dismiss an involuntary case under section 305, where the section 303 requirements
were met, the Chief Bankruptcy Judge for the Northern District of Texas determined that it was in the best interest
of creditors to keep the case in bankruptcy court and appoint a chapter 7 trustee to resolve conflicts and safeguard
assets.  *See In re Acis Capital Mgmt., L.P.*, 584 B.R. 115 (Bankr. N.D. Tex. 2018).

4931-2742-2479.v6

Dated: January 16, 2025

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

*/s/ Charles C. Conrad*

Charles C. Conrad
Tex. Bar No. 24040721
S.D. Tex. Fed. ID No. 37220
L. James Dickinson
Tex. Bar No. 24105805
S.D. Tex. Fed. ID No. 3611267
609 Main Street Suite 2000
Houston, TX 77002
Telephone: (713) 276-7600
Facsimile: (713) 276-7673
charles.conrad@pillsburylaw.com
james.dickinson@pillsburylaw.com

- and -

Andrew M. Troop
Mass. Bar No. MA547179
S.D. Tex. Fed. ID No. 30089813
Patrick E. Fitzmaurice
Admitted *pro hac vice*
31 West 52nd Street
New York, NY 10019-6131
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
andrew.troop@pillsburylaw.com
patrick.fitzmaurice@pillsburylaw.com

***Counsel for National Bank of Kuwait, S.A.K.P., New York Branch***

12

4931-2742-2479.v6

## <u>CERTIFICATE OF SERVICE</u>

       I certify that, on January 16, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, which will send a Notice of Electronic Filing to counsel of record for the parties to this case.

*/s/ Charles C. Conrad*
Charles C. Conrad

4931-2742-2479.v6