IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) ) ) | Chapter 7 |
| JETALL COMPANIES, INC. | ) ) | Case No. 24-35761 |
| Debtor. | ) ) ) | |

**SUPPLEMENTAL RESPONSE TO EMERGENCY MOTION TO COMPEL**

**To the Honorable Judge Jeffrey P. Norman:**

**COMES NOW**, Jetall Companies, Inc. (the "Debtor") and files its *Supplemental Response to National Bank of Kuwait, S.A.K.P., New York Branch ("NBK")'s Emergency Motion to Compel*, and in support thereof would respectfully show the Court as follows:

### ARGUMENT

**A. NBK cannot show the existence of an emergency.**

The Debtor would like to reiterate that NBK's Motion to Compel does not warrant emergency consideration. Indeed, how events have unfolded demonstrates the inappropriate nature of seeking the discovery of information, not previously requested, through an expedited hearing with the threat of court order. The Court has permitted the parties to meet and confer regarding the discovery NBK seeks through its motion to compel. Your Honor allowed the parties 48 hours to meet and confer about the scope, extent, and logistics of providing the requested discovery. Under the best of circumstances, this is not enough time to meaningfully negotiate regarding discovery matters.

1

Predictably, the parties had disagreement about the discovery sought. While the Debtor is amenable to providing the requested documents as soon as possible, the parties disagreed as to who Debtor should produce for deposition as its corporate representative. NBK wants to depose Mr. Choudhri, the principal of the Debtor. However, based on the topics for examination contained in NBK's deposition notice, Mr. Choudhri is not the best party to provide responsive testimony. The Debtor has suggested that its accountant, Bob Norris, be designated as its corporate representative and provide testimony, as he is intimately familiar with the company's financial and operational affairs. Nevertheless, NBK is adamant that Mr. Choudhri be the party to examine, which begs the question of what information is truly sought.

Moreover, the meet and confer session was meant to provide the parties an opportunity to meaningfully negotiate regarding discovery matters, however, what took place was a one-sided affair. NBK seemed to want the Debtor to adopt its proposed order wholesale without providing anything in return. If NBK would like discovery prior to the hearing, so would Debtor. Equity demands a fair exchange of informational resources amongst the parties. NBK did not seem so amenable to Debtor's discovery requests, nor would they engage in meaningful negotiation. The Court should deny NBK's motion to compel and let the parties exchange information through traditional means.

B. **Respondent is permitted to select its own corporate representative.**

Federal Rule of Civil Procedure 30(b)(6) states that an organization has the exclusive right to designate its own corporate representative for deposition. When a corporation is named as a "deponent" it "must designate one or more officers, directors, or managing agent, or designate other persons who consent to testify on its behalf." Fed. R. Civ. P. 30(b)(6). There is nowhere in the rule that says opposing parties can choose the corporate representative. Indeed, the deposing

party **does not** have the right to insist that a particular person testify on behalf of the corporation. *JPMorgan Chase Bank v Liberty Mutual Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002). Instead, the corporation is required to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth for each person designated, the matters on which he will testify. *Id*.

Simply, NBK does not have any authority to designate a corporate representative to testify on behalf of the Debtor. It is the Debtor's responsibility to present a competent designee to testify on its behalf. Indeed, it is their affirmative duty under Rule 30(b)(6). *King v. Pratt & Whitney, a Div. of United Techs. Corp.*, 161 F.R.D. 475, 475 (S.D. Fla. 1995), aff'd sub nom. *King v. Pratt & Whitney*, 213 F.3d 646 (11th Cir. 2000).

Rule 30(b)(6) contemplates certain obligations on behalf of the corporate designee. Specifically, the rule requires the corporation to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires such persons to review all matters known or reasonably available to it in preparation for the deposition. *United States v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C.), aff'd, 166 F.R.D. 367 (M.D.N.C. 1996). This interpretation of Rule 30(b)(6) is necessary in order to make the deposition a meaningful one and to prevent the "sandbagging" of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial. *Id*.

At the parties meet and confer session, the Debtor put forth the prospect of the company's accountant serving as its corporate representative. However, NBK does not believe this individual to be an adequate designee, notwithstanding the fact that he, undoubtedly, has the most knowledge of the company's financial affairs. The party NBK seeks to depose, Mr. Choudhri, lacks the requisite knowledge of the company to provide responsive testimony as to all areas of inquiry.

Counsel for the Debtor has informed NBK of this fact, yet they insist to the contrary. Counsel for the Debtor is merely trying to avoid a situation where NBK gets what they want only to return to the Court later claiming that its selected "designee" was inadequate for its desired purposes – a classic "have your cake and eat it too" scenario. In an effort to preserve judicial resources, the Court should allow the Debtor to select its own corporate representative who possesses the knowledge NBK seeks. Mr. Choudhri would need to spend weeks preparing for the deposition in order to adequately respond to the topics identified in NBK's notice. Given the "emergency" situation NBK claims, we do not have that kind of time. However, an individual is available who can provide the testimony sought at NBK's convenience. Accordingly, the Court should deny NBK's motion to compel and permit the Debtor to select its own corporate representative.

Dated: March 5, 2025.

Respectfully submitted,

*/s/ Justin Rayome*
Justin Rayome
State Bar No. 24130709
S.D. TX Bar No. 3873342
1001 West Loop South, Suite 700
Houston, TX 77027
Telephone: 214-934-934
justin.r@jetallcompanies.com
**Attorney for Debtor,**
**Jetall Companies, Inc.**

## **CERTIFICATE OF SERVICE**

      I certify that, on the date set forth above, I caused a copy of the foregoing motion to be served via the Electronic Case Filing (ECF) System in accordance with the Federal Rules of Bankruptcy procedure.

                                                    */s/ Justin Rayome*
                                                    Justin Rayome