IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JETALL COMPANIES, INC., | § | CASE NO. 24-35761 |
| | § | CHAPTER 7 |
| DEBTOR. | § | |

ALI CHOUDHRI'S
<u>EMERGENCY MOTION TO STAY ORDER PENDING APPEAL</u>
[Relating to Docket No. 185]

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing. Represented parties should act through their attorney.**

**Represented parties should act through their attorney.**

**Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

**Relief is requested by the earlier to occur of: (1) the date non-debtor privileged and confidential materials are to be turned over to third parties under the Order; and (2) Friday, May 16, 2025.**

TO THE HONORABLE JEFFRY NORMAN,
UNITED STATES BANKRUPTCY JUDGE:

  **COMES NOW** Ali Choudhri (the "<u>Movant</u>" or the "<u>Proposed Appellant</u>") and pursuant to Fed. R. Bankr. P. 8007, files this Emergency Motion to Stay Order Pending Appeal ("<u>Motion to Stay</u>") regarding the Order entered by the United States Bankruptcy Court for the Southern

Page 1

District of Texas, Houston Division (the "Bankruptcy Court") on April 25, 2025 (attached hereto as Exhibit A). The Movant seeks an immediate stay of the Order pending resolution of his appeal. In support thereof, the Movant respectfully states as follows:

### Jurisdiction & Venue

1. The Movant seeks a stay pending appeal of the Bankruptcy Court's Order requiring turnover of privileged and confidential materials of non-debtors.

2. The relief requested in this Motion to Stay is properly before this Court under Bankruptcy Rule 8007. A notice of appeal and a motion for leave to file appeal has been filed contemporaneously with this motion. Venue in this District is proper pursuant to 28 U.S.C. § 1409.

### Request for Emergency Hearing

3. The Movant requests an emergency hearing on this Motion to Stay. Relief is requested by the earlier to occur of: (1) the date non-debtor privileged and confidential materials are to be turned over to third parties under the Order; and (2) Friday, May 16, 2025. As detailed in this Motion to Stay, the Proposed Appellant seeks to protect his direct and indirect (through closely held companies) vital rights in non-debtor attorney-client privileged documents, non-debtor work product documents, as well as non-debtor confidential and proprietary business documents, and his personal privacy rights in non-debtor personal materials that are located with in the premises of Suite 700 (defined below), among the documents located at 2425 West Loop (defined below), and within electronic and cloud-based storage. Without a stay these materials are at immediate risk of being turned over to third parties. Clawback of such materials is insufficient and will not protect the Proposed Appellant from immediate and irreparable harm if the Proposed Appellant's privileged and confidential information is turned over to third parties. The Proposed Appellant

cannot un-ring the bell of disclosed confidential and privileged materials and his property rights must be protected on an emergency basis.

4.  This Motion is supported by the Declaration of the Proposed Appellant attached hereto as <u>Exhibit B</u>.

## Introduction

5.  The Proposed Appellant files this Motion to Stay to protect his direct and indirect (through closely held companies) vital rights in attorney-client privileged documents, work product documents, as well confidential and proprietary business documents, and privacy rights in personal materials. If this appeal is not permitted to proceed, and if the Order is not stayed pending appeal, these privileged, confidential, and private materials will be placed in the possession and control of third-parties who have no rights in the materials, including the Proposed Appellant's litigation opponents, all of whom have absolutely no right to such possession and control – causing irreparable harm and injury to the Proposed Appellant.

## Factual Background

6.  The Proposed Appellant is the sole shareholder of Jetall Companies, Inc., the Debtor in the bankruptcy case below styled and numbered *In re Jetall Companies, Inc.*, Case No. 24-35761 (the "<u>Bankruptcy Case</u>"). The Proposed Appellant has ownership of and connection with other debtor entities, including 1001 WL LLC and Texas REIT, LLC. The Proposed Appellant also has ownership of and connections with other non-debtor entities. The Motion for Leave to Appeal is directed at protecting the privileged and confidential material of non-debtor entities as wells as the Proposed Appellant's individual privileged and confidential materials.

7. Substantial privileged and confidential materials of the Proposed Appellant and other non-debtor entities are located in Suite 700 (defined below) and 2425 West Loop (defined below).

8. The Bankruptcy Case below was commenced as an involuntary chapter 11 on December 4, 2024. An order of relief was entered on February 7, 2025, which required Jetall Companies, Inc. (the "Debtor") to file schedules and other required documents on or before February 21, 2025.

9. The Bankruptcy Case was converted to a chapter 7 case on March 6, 2025.

10. In the order converting the Bankruptcy Case to one under chapter 7, the Bankruptcy Court noted that the Debtor had failed to comply with its prior order regarding the filing of schedules and other required documents under 11 U.S.C. § 521(a). When Debtor failed to file schedules, statement of financial affairs or a creditor's matrix after conversion, the Bankruptcy Court issued a Show Cause Order on March 24, 2025 reciting that failure, and required that a representative of the debtor appear with a creditor mailing matrix at a hearing set for March 28, 2025.

11. A list of creditors was filed on March 27, 2025 reflecting the names and addresses of 32 creditors. At the show cause hearing, the Bankruptcy Court noted the filing of the creditor matrix and again ordered that schedules and a statement of financial affairs must be filed on or before April 4, 2025. On April 4, 2025, the Debtor filed Schedule A/B, but no other bankruptcy schedules. The Bankruptcy Court issued another Show Cause Order on April 8, 2025, requiring the Debtor to appear and show cause why the principals should not be held in contempt for the failure to file complete schedules and the statement of financial affairs. At the hearing on April 8, 2025, the Bankruptcy Court found that the Debtor was aware of the Bankruptcy Court orders

regarding the filing of the required documents, had failed to comply with the orders, and was in civil contempt.

12. On April 10, 2025, Jetall Capital, LLC (the tenant), the Debtor, and other permitted occupants of 1001 West Loup South, Suite 700, Houston, Texas 77027 ("Suite 700"), were locked out of Suite 700 and, therefore, denied access to their books and records, including books and records necessary to complete the bankruptcy schedules. Previously and continuing to this day, the Debtor and other entities affiliated with and/or controlled by the Proposed Appellant had been denied access to their books and records located at 2425 West Loop South, Houston, Texas 77027 ("2425 West Loop"), including additional books and records necessary to complete the bankruptcy schedules.

13. On April 11, 2025, the Bankruptcy Court found the Debtor in contempt, and required the Debtor to file complete schedules and a statement of financial affairs by 5:00 p.m. that day, to be signed by Ali Choudhri. *This was the first time the Bankruptcy Court identified and specifically designated Ali Choudhri within an order as the person responsible for signing the bankruptcy schedules and statement of financial affairs*. Mr. Choudhri had less than a full business day to comply with the requirements imposed upon him individually in the contempt order. Meanwhile, Mr. Choudhri lacked any access to the physical books and records of the Debtor to complete the bankruptcy schedules and statement of financial affairs.

14. On April 11, 2025, at 5:40 p.m., at the direction of the Proposed Appellant, the Debtor filed bankruptcy schedules the statement of financial affairs. The bankruptcy schedules and statement of financial affairs contained notes, comments, and a reservation of rights signed by Mr. Choudhri that identified the lack of access to the physical books and records of the Debtor. Mr. Choudhri was unable to swear, under penalty of perjury, to the accuracy and completeness of the

bankruptcy schedules and statement of financial affairs due to his lack of access to books and records.

15.     On April 16, 2025, the Bankruptcy Court issued an Arrest Warrant directing the United States Marshall Service to arrest and produce Ali Choudhri before the United States Bankruptcy Court, Bob Casey Federal Building, Courtroom #403, 515 Rusk, Houston, Texas. On April 17, 2025, Mr. Choudhri filed another set of bankruptcy schedules and statement of financial affairs, signing them, and also including the notes, comments, and reservation of rights due to the continued lack of access to the Debtor's business records. Mr. Choudhari filed an Emergency Motion for Release based upon the filing of the amended bankruptcy schedules. Mr. Choudhri also caused to be filed a Motion requesting access to the books and records at 2425 West Loop.[1] Additionally, acting as he believed was in compliance with the Arrest Warrant, Mr. Choudhri self-reported to Courtroom #403, and spoke with Bankruptcy Court staff. Mr. Choudhri was provided a notice of a hearing to be held on April 21, 2025 on his Motion for Release.

16.     On April 18, 2025, an Amended Motion for Entry onto Property was filed to address the reasons for its denial without prejudice (the "Amended Motion for Entry onto Property"). *See* Exhibit B. It is that Amended Motion for Entry onto Property that leads to this request for an interlocutory appeal.

17.     On April 21, 2025, the Motion for Release from Custody was denied, and Mr. Choudhri was taken into custody of the United States Marshall Service. While he was in custody, Mr. Choudhri generally lacked access to a telephone, and communications with his attorneys

---

[1] This motion was denied without prejudice for multiple reasons, including that it was filed on behalf of Jetall Companies, Inc., which the Bankruptcy Court concluded could only act through its chapter 7 trustee. This Motion was not directed at any property at Suite 700.

Page 6

occurred either in person or by conference calls via the phone of one of his attorneys in his physical presence. Mr. Choudhri's ability to work meaningfully on the bankruptcy schedules and statement of financial affairs was greatly impaired by (and throughout) his incarceration.

18. Notwithstanding his incarceration commencing on April 21, 2025, Mr. Choudhri's attorneys and a former employee of the Debtor continued to work on the bankruptcy schedules and to review the amendments with Mr. Choudhri in person. To do this, in an effort to protect his liberty rights, Mr. Choudhri's attorneys negotiated and obtained provisional and conditional access to Suite 700.[2] The schedules and statement of financial affairs were amended on April 23, 2025, and further amendments were made on April 24, 2025. On April 23, 2025, an Amended Motion for Release from Custody was filed.

19. On April 24, 2025, the Bankruptcy Court granted Mr. Choudhri's Amended Motion for Relief From Custody. After Mr. Choudhri was released from custody, he elected not to pursue the Amended Motion for Entry onto Property. He filed a Motion to Dismiss/Withdraw and then filed a Notice of Withdrawal as to the Amended Motion for Entry onto Property. The Bankruptcy Court did not permit Mr. Choudhri to withdraw the Amended Motion for Entry onto Property, and instead held a hearing on April 25, 2025. Following the hearing, the Bankruptcy Court entered the Order that is the subject of this Motion for Leave to Appeal.

20. The Order contains the following provisions that are wholly inconsistent with Mr. Choudhri's direct and indirect (through closely held companies) vital rights in attorney-client privileged documents, work product documents, as well confidential and proprietary business documents:

---

[2] Suite 700 is subject to a lease between 1001 WL LLC and Jetall Capital, LLC. 1001 WL LLC is a Debtor in a chapter 11 proceeding in the United States Bankruptcy Court for the Western District of Texas, Austin Division; Case No. 24-10119-smr.

>Choudhri shall not later than 5:00 p.m. on May 2, 2025, turn over to the Chapter 7 Trustee, Douglas Brickley, Stout Risius Ross LLC, 1000 Main St. Suite 3200, Houston, Texas 77002 all records, of the debtor including any document that records acts, conditions or events related to the business of the debtor, including, but not limited to, meeting minutes, memorandum, contracts, accounting records and accounting source documents both in paper and electronic form. Failure to abide by this order is punishable by civil contempt.
>
>SLS River Oaks District, LLC is ordered to either (1) turn over to the Chapter 7 Trustee, Douglas Brickley, Stout Risius Ross LLC, 1000 Main St. Suite 3200, Houston, Texas 77002 all records located in the debtor's business premises at 2425 West Loop South, Houston, Texas 77027 both paper and electronic to the Chapter 7 Trustee, Douglas Brickley, Stout Risius Ross LLC, 1000 Main St. Suite 3200, Houston, Texas 77002, or (2) file with the Court an Agreed Order for future turnover of possession of these documents by 5:00 p.m. on May 2, 2025.
>
>Turnover of records and documents is subject to clawback by motion based on privilege of non-debtor entitles.
>
>Access to any records or documents by any party shall be granted by further order of this Court. Parties are encouraged to seek further relief or clarification by motion.

*See* Exhibit A, Order, at page 2.

21. A lease agreement exists between Jetall Capital LLC and 1001 WL LLC for Suite 700 ("Suite 700"), dated November 18, 2024. Jetall Capital LLC contends (and does not waive any right, remedy, claim, or position) that Jetall Capital LLC has been wrongfully and illegally excluded from Suite 700 in violation of its legal rights under Texas Property Code § 93.002 and applicable bankruptcy law. Jetall Capital LLC and several other entities (collectively, the "Occupants"), have valid and enforceable sublease and/or occupancy agreements that permit those entities to use and occupy Suite 700.

22. There is substantial personal property of the non-debtor Occupants located within Suite 700, including but not limited to confidential business records, trade secrets, attorney client communications protected under Texas Rule of Evidence 503, attorney work product protected

under Texas Rule of Civil Procedure 192.5, and other confidential and proprietary information protected by state and federal law.

23. There is also substantial property of Mr. Choudhri, directly and indirectly (through closely held companies), at 2425 West Loop, including but not limited to confidential business records, trade secrets, attorney client communications protected under Texas Rule of Evidence 503, attorney work product protected under Texas Rule of Civil Procedure 192.5, and other confidential and proprietary information protected by state and federal law.

24. Some of the personal property may be property of the bankruptcy estates of 1001 WL, LLC, Texas REIT, LLC, and Jetall Companies, Inc. However, much of the personal property is not property of the bankruptcy estates of 1001 WL, LLC, Texas REIT, LLC, and Jetall Companies, Inc. 1001 WL, LLC, who claims to be the owner of the building in which Suite 700 is located, is the Debtor in the above referenced bankruptcy case.

25. Mr. Choudhri has requested leave to appeal the decision of the Bankruptcy Court which would give access to these confidential and privileged materials and leaving him with only ill-defined and prejudicial "clawback" rights.

26. Resolving these issues now is absolutely critical because once those confidential and privileged materials are in the hands of third-parties, including Mr. Choudhri's litigation opponents, there will be no way to un-ring the bell.

**Legal Standard for Stay Pending Appeal**

27. In determining whether to grant a stay pending appeal, courts in the Fifth Circuit consider four factors: (1) whether the movant has made a strong showing of likelihood of success on the merits; (2) whether the movant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the

public interest lies. *Arnold v. Garlock, Inc*., 278 F.3d 426, 438-39 (5th Cir. 2001); see also *Nken v. Holder*, 556 U.S. 418, 434 (2009).

A.	The Movant Has a Strong Likelihood of Success on the Merits

28.	The Movant is likely to succeed on the merits of the appeal regarding whether it should be required to turn over non-debtor privileged and confidential materials.

29.	Private property ownership is a fundamental right deeply rooted in Texas and federal law. *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 475-76 (Tex. 2012) (citing S*everance v. Patterson,* 370 S.W.3d 705 (Tex. 2012)); *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd*., 527 U.S. 666, 673 (1999). "The right of property is the right to use and enjoy, or dispose of the same, in a lawful manner and for a lawful purpose." *Hearts Bluff, 381 S.W.3d at 475*; see *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 435–36 (1982) (noting that property owners have "rights to possess, use and dispose of" their property); *Kaiser Aetna v. United States*, 444 U.S. 164, 176 (1979) (describing property rights as "fundamental"). Confidential and proprietary business records are worthy interests, subject to protection. *DeSantis v. Wackenhut Corp*., 793 S.W.2d 670, 682 (Tex. 1990); *see also In re Bass*, 113 S.W.3d 735, 739 (Tex. 2003) (recognizing trade secrets as property rights); *Ruckelshaus v. Monsanto Co*., 467 U.S. 986, 1002-03 (1984) (holding that confidential business information can constitute property protected by the Fifth Amendment).

30.	Further the status of the attorney–client privilege is "quintessentially imperative" to our legal system. *Paxton v. City of Dallas*, 509 S.W.3d 247, 261 (Tex. 2017). Without the privilege, attorneys would not be able to give their clients candid advice as is an attorney's professional duty. TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 2.01, Tex Gov't Code, tit. 2, subtit. G, app. A (Tex. State Bar R. art. X, § 9). *See In re Nat'l Lloyds Ins. Co.* , 532 S.W.3d 794,

803 (Tex. 2017) ("The privilege promotes free discourse between attorney and client, thereby advancing the effective administration of justice.").

**B.     The Movant Will Be Irreparably Injured Absent a Stay**

31.     Absent a stay, the Movant will suffer immediate and irreparable harm through the violation of fundamental constitutional and statutory rights, including the destruction of attorney-client privilege and the unauthorized disclosure of protected business information. The Fifth Circuit has recognized that the disclosure of privileged or confidential information constitutes irreparable harm because "the bell cannot be unrung" once such information is disclosed. In re *Kellogg Brown & Root, Inc*., 756 F.3d 754, 761 (5th Cir. 2014); *see also In re Avantel, S.A*., 343 F.3d 311, 317 (5th Cir. 2003) (noting that compelling production of privileged materials causes irreparable harm that cannot be remedied on appeal).

**C.     Issuance of the Stay Will Not Substantially Injure the Other Parties Interested in the Proceeding**

32.     Granting a stay will not substantially harm other parties, as any temporary delay in obtaining the materials at issue would be minimal and far outweighed by the permanent and irreparable harm to Movant's constitutionally protected privileged and confidential rights. Moreover, the bankruptcy estate's interests can be adequately protected through appropriate conditions on the stay. *Coates*, 919 F. Supp. 2d at 868. Here, the Bankruptcy Court's ruling directly conflicts with well-established Fifth Circuit, Supreme Court, and Texas precedent protecting property interests in confidential and privileged materials. *See In re YETI Coolers, LLC*, 1 F.4th 387, 390 (5th Cir. 2021) (emphasizing strong protection of confidential business information); *Ferring B.V. v. Braintree Labs*., Inc., 38 F.4th 465, 471 (5th Cir. 2022) (recognizing property interests in privileged materials); *Exxon Mobil Corp. v. Hill*, 751 F.3d 379, 385 (5th Cir. 2014) (upholding "heightened protection for confidential and privileged information"). The Order turns

Proposed Appellant's property rights on their head in confidential and privileged materials, awarding third parties control over them, and requiring the Proposed Appellant to clawback.

**D.  The Public Interest Favors a Stay of the Order**

33. Finally, the public interest overwhelmingly favors granting a stay. The Fifth Circuit has consistently recognized that protecting privileged and confidential information serves the public interest by preserving the sanctity of attorney-client privilege and maintaining the integrity of judicial proceedings. *See EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 695 (5th Cir. 2017) (emphasizing the importance of attorney-client privilege to our legal system); *In re Itron, Inc.*, 883 F.3d 553, 567 (5th Cir. 2018) (recognizing public interest in protecting confidential business information). A stay would preserve these fundamental rights while the appeal is pending, thereby serving both private and public interests in maintaining confidentiality and proper legal process.

## Conclusion

34. The Movant has demonstrated all four factors required for a stay pending appeal. The Movant has a clear and protectable property interest in the privileged, confidential and proprietary materials, will suffer irreparable harm without a stay, and the balance of harms and public interest favor maintaining confidentiality during the appeal. The Movant respectfully requests that the Court grant a stay of the Order pending appeal.

Dated: May 9, 2025

Respectfully submitted,

*/s/ Justin Rayome*
Justin Rayome
Texas Bar No. 24130709
S.D. TX Bar No. 3873342
5882 Sugar Hill Dr.
Houston, TX 77057
Justinrayome3@gmail.com
(214) 934-9345

ATTORNEY FOR PROPOSED
APPELLANT, ALI CHOUDHRI

## **CERTIFICATE OF ACCURACY**

On this May 9, 2025, I hereby certify the accuracy of the forgoing Motion to Stay Pending Appeal.



Ali Choudhri

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of May, 2025, a true and correct copy of this Motion to Stay Pending Appeal was served upon the parties identified on the attached service list via regular United States mail.

*/s/ Justin Rayome*
Justin Rayome

**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 24-35761 |
| JETALL COMPANIES, | § | |
| | § | |
| Debtor. | § | |
| | § | CHAPTER 7 |

**ORDER**

A hearing was held by order on April 25, 2025 (ECF No. 156). On April 18, 2025, Ali Choudhri ("Choudhri") filed his Amended Emergency Motion for Entry onto Property (ECF No. 147). Choudhri requested "access [to property] …for the purpose of retrieving the necessary business records to complete the filings required by the Bankruptcy Code…" On April 21, 2025, just prior to the Court ordering Choudhri into custody of the United States Marshalls, the Court held a hearing. Choudhri testified that he required the records requested by the motion to file complete schedules and intimated that he was unable to do so without these records. The Court found his testimony contradictory, evasive and in part unbelievable. Additionally, the schedules and Statement of Financial Affairs that had been filed that day were not sworn to, incomplete and inaccurate. Thereafter, the Court remanded Choudhri into custody of the United States Marshalls finding him in civil contempt for not filing the complete and accurate statements and a Statement of Financial Affairs.

Not surprisingly after incarceration amended and more truthful but not completely accurate schedules were filed by Choudhri (ECF Nos. 167, 173 and 175). The Court thereafter released Choudhri from custody and ordered him to amend the schedules as he became aware "that the information contained in the schedules and Statement of Financial Affairs is no longer true and correct" to "cooperate with the Chapter 7 Trustee" and appear and "give testimony under oath at any creditor's meeting set in this case (ECF No. 176). The Court also warned that "[f]ailure to abide by this order is punishable by civil contempt."

Given Choudhri's incarceration and this Court's order releasing him from custody the Court was more surprised when Choudhri attempted to withdraw his motion for property access.[1] Either Choudhri's testimony that he must have these record to accurately complete the schedules was not true, he is concerned that having the records would require him to amend the schedules again or face further incarceration, or he simply does not want these records to become possessed by the Chapter 7 Trustee and available for review by parties very adverse to him. The Court is unable to make any such holding but the entire process is in the Court's eyes very suspect.

---

[1] The Court declines to allow the withdrawal of the motion.

1 / 2

This case will require extensive document review and unfortunately at this juncture the estate has little or no funds. The Court has deep concerns that the records of the debtor will go missing or be destroyed. Accordingly, it is **ORDERED**:

Choudhri shall not later than 5:00 p.m. on May 2, 2025, turn over to the Chapter 7 Trustee, Douglas Brickley, Stout Risius Ross LLC, 1000 Main St. Suite 3200, Houston, Texas 77002 all records, of the debtor including any document that records acts, conditions or events related to the business of the debtor, including, but not limited to, meeting minutes, memorandum, contracts, accounting records and accounting source documents both in paper and electronic form. Failure to abide by this order is punishable by civil contempt.

SLS River Oaks District, LLC is ordered to either (1) turn over to the Chapter 7 Trustee, Douglas Brickley, Stout Risius Ross LLC, 1000 Main St. Suite 3200, Houston, Texas 77002 all records located in the debtor's business premises at 2425 West Loop South, Houston, Texas 77027 both paper and electronic to the Chapter 7 Trustee, Douglas Brickley, Stout Risius Ross LLC, 1000 Main St. Suite 3200, Houston, Texas 77002, or (2) file with the Court an Agreed Order for future turnover of possession of these documents by 5:00 p.m. on May 2, 2025.

Turnover of records and documents is subject to clawback by motion based on privilege of non-debtor entities.[2]

Access to any records or documents by any party shall be granted by further order of this Court. Parties are encouraged to seek further relief or clarification by motion.

**SO ORDERED.**

SIGNED 04/25/2025

Jeffrey Norman
United States Bankruptcy Judge

---

[2] The debtor may not claim privilege as it belongs to the Chapter 7 Trustee.

2 / 2

**EXHIBIT B**

Case 24-35761   Document 208   Filed in TXSB on 05/09/25   Page 17 of 20

Page 14

## DECLARATION OF ALI CHOUDHRI

I, Ali Choudhri, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following statements are true and correct to the best of my knowledge, information, and belief:

1. I have reviewed the forgoing *Emergency Motion to Stay Pending Appeal.* Each of the factual allegations contained therein are true and correct to the best of my knowledge.

2. I am the Proposed Appellant in connection with the Order that is the subject of the Motion for Leave to File Interlocutory Appeal. I am the Movant in connection with the Emergency Motion to Stay Pending Appeal. As required by the Court's procedures, I hereby certify that the Motion to Stay Pending Appeal is accurate.

3. I request an emergency hearing on this Motion to Stay. Relief is requested by the earlier to occur of: (1) the date non-debtor privileged and confidential materials are to be turned over to third parties under the Order; and (2) Friday, May 16, 2025. As detailed in the Motion to Stay, I seek to protect my direct and indirect (through closely held companies) vital rights in non-debtor attorney-client privileged documents, non-debtor work product documents, as well as non-debtor confidential and proprietary business documents, and his personal privacy rights in non-debtor personal materials that are located with in the premises of Suite 700 (defined in the Motion to Stay), among the documents located at 2425 West Loop (defined in the Motion to Stay), and within electronic and cloud-based storage. Without a stay these materials are at immediate risk of being turned over to third parties. Clawback of such materials is insufficient and will not protect me from immediate and irreparable harm if the non-debtor privileged and confidential information is turned over to third parties. I cannot un-ring the bell of disclosed confidential and privileged materials and my property rights must be protected on an emergency basis.

Page 15

4.     There is substantial personal property of the non-debtor Occupants located within Suite 700, including but not limited to confidential business records, trade secrets, attorney client communications protected under Texas Rule of Evidence 503, attorney work product protected under Texas Rule of Civil Procedure 192.5, and other confidential and proprietary information protected by state and federal law.

5.     There is also substantial property of mine, directly and indirectly (through closely held companies), at 2425 West Loop, including but not limited to confidential business records, trade secrets, attorney client communications protected under Texas Rule of Evidence 503, attorney work product protected under Texas Rule of Civil Procedure 192.5, and other confidential and proprietary information protected by state and federal law.

6.     Some of the personal property may be property of the bankruptcy estates of 1001 WL, LLC, Texas REIT, LLC, and Jetall Companies, Inc. However, much of the personal property is not property of the bankruptcy estates of 1001 WL, LLC, Texas REIT, LLC, and Jetall Companies, Inc. 1001 WL, LLC, who claims to be the owner of the building in which Suite 700 is located, is the Debtor in the above referenced bankruptcy case.

7.     I have requested leave to appeal the decision of the Bankruptcy Court which would give access to these confidential and privileged materials and leaving me with only ill-defined and prejudicial "clawback" rights.

8.     Resolving these issues now is absolutely critical because once those confidential and privileged materials are in the hands of third-parties, including my litigation opponents, there will be no way to un-ring the bell.

Executed on May 9, 2025.

DocuSigned by:

*ali Choudhri*

07391AB1A455488...

Ali Choudhri