IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-35761 (JPN) |
| JETALL COMPANIES, INC., | § | |
| | § | CHAPTER 7 |
| DEBTOR | § | |

APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT
AND RETENTION OF OKIN ADAMS BARTLETT CURRY LLP
AS COUNSEL FOR DOUGLAS J. BRICKLEY, CHAPTER 7 TRUSTEE

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**A HEARING HAS BEEN SET ON THIS APPLICATION FOR JUNE 4, 2025 AT 1:30 PM IN COURTROOM 403, 4TH FLOOR, 515 RUSK, HOUSTON, TEXAS 77002.**

Douglas J. Brickley, Chapter 7 Trustee (the "Chapter 7 Trustee") of Jetall Companies, Inc., the above-captioned debtor (the "Debtor"), hereby files this *Application for an Order Authorizing the Employment and Retention of Okin Adams Bartlett Curry LLP as Counsel for Douglas J. Brickley, Chapter 7 Trustee* (the "Application"), and in support hereof, respectfully states as follows:

## I. JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested in this Application are sections 327, 328 and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended and modified, the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## II. BACKGROUND

3. On December 4, 2024 (the "Petition Date"), EAO Global LLC d/b/a/Pop Labs ("Pop Labs"), initially, on a *pro se* basis, filed an involuntary chapter 11 petition against the Debtor in the United States Bankruptcy Court in the Western District of Texas, Austin Division, Case 24-11544-cgb (as restyled before this Court, the "Bankruptcy Case").

4. On December 6, 2024, the Bankruptcy Case was transferred to the United States Bankruptcy Court in the Southern District of Texas, Houston Division in Case 24-35761.

5. On December 9, 2024, an amended petition was filed by Kell C. Mercer PC ("Mercer"), on behalf of Pop Labs and Mercer's existing client, M. Nasar & Partners, PC. Shortly thereafter, on December 23, 2024, Mercer became counsel to another new petitioner, Ron Madriz ("Madriz" and, collectively, with Pop Labs and Nasar, the "Petitioning Creditors").

6. On January 9, 2025, the Petitioning Creditors filed a motion to dismiss the involuntary Bankruptcy Case.

7. On February 7, 2025, this Court issued its *Order Denying Joint Motion to Dismiss and for Order of Relief Under 11 U.S.C. 303(h)* [ECF # 39] (the "February 7 Order"), denying the motion to dismiss, entering an order of relief against the Debtor, and establishing February 14, 2025, deadline to file schedules and other required documents under Bankruptcy Rule 1007(a)(2) and a February 21, 2025, deadline to file all other documents required by Bankruptcy Code section 521 and Bankruptcy Rule 1007.

8. The Debtor failed to file schedules, or any other documents, as required under the February 7 Order.

9. On February 22, 2025, three creditors, the National Bank of Kuwait, S.A.K.P., New York Branch, Houston 2425 Galleria, LLC, and Christopher R. Murray, Liquidation Trustee, filed a motion (the "Joint Motion") to convert the Bankruptcy Case from chapter 11 to chapter 7.

10. On March 6, 2025, with the Joint Motion pending and the Debtor having failed to comply with the February 7 Order, the United States Trustee further made an oral motion for conversion of the Bankruptcy Case to chapter 7, which the Court granted. *Id.*

11. On April 22, 2025, during the Section 341 meeting of creditors, Douglas J. Brickley was elected as successor trustee. On April 23, 2025, the Court entered its order approving the appointment of the Chapter 7 Trustee. Thereafter, the Chapter 7 Trustee selected Okin Adams Bartlett Curry LLP ("Okin Adams" or the "Firm") to serve as its counsel.

### III. RELIEF REQUESTED

12. By this Application, the Chapter 7 Trustee seeks entry of an order pursuant to sections 327(a) and 328(a) of the Bankruptcy Code: (i) authorizing the employment and retention of Okin Adams as general bankruptcy counsel to the Chapter 7 Trustee; and (ii) granting related relief.

3

## IV. RETENTION OF OKIN ADAMS

13. The Chapter 7 Trustee seeks to retain Okin Adams to act as its general bankruptcy counsel during the Bankruptcy Case. Matthew S. Okin, the partner at Okin Adams who is primarily responsible for the representation of the Chapter 7 Trustee, is admitted to practice in this district, as are the other Firm lawyers expected to work on this engagement.

14. The Chapter 7 Trustee respectfully submits that it will be necessary to employ and retain general bankruptcy counsel in this Bankruptcy Case pursuant to sections 327 and 328 of the Bankruptcy Code to, among other things:

(a) represent the Chapter 7 Trustee at hearings to be held before this Court and communicate with the Chapter 7 Trustee regarding the matters heard and the issues raised as well as the decisions and considerations of this Court;

(b) review and analyze pleadings, orders, schedules, and other documents filed and to be filed with this Court by interested parties in the Bankruptcy Case; advise the Chapter 7 Trustee as to the necessity, propriety, and impact of the foregoing; and consent or object to pleadings or orders on behalf of the Chapter 7 Trustee, as appropriate;

(c) assist the Chapter 7 Trustee in preparing such applications, motions, memoranda, proposed orders, and other pleadings as may be required in support of positions taken by the Chapter 7 Trustee, including all trial preparation as may be necessary;

(d) confer with the professionals retained by the other parties-in-interest, as well as with such other professionals as may be selected and employed by the Chapter 7 Trustee;

(e) coordinate the receipt and dissemination of information prepared by and received from the Debtor and its professionals, as well as such information as may be received from professionals engaged by other parties-in-interest in this Bankruptcy Case;

(f) participate in such examinations of the witnesses as may be necessary in order to analyze and determine, among other things, the Debtor's assets and financial condition, whether the Debtor has made any avoidable transfers of property, or whether causes of action exist on behalf of the Debtor's estate; and

    (g)    assist the Chapter 7 Trustee generally in performing such other services as may be desirable or required for the discharge of the Chapter 7 Trustee's duties under the Bankruptcy Code.

15. The Chapter 7 Trustee's retention of counsel is necessary to take immediate action to obtain documents and information in order to adequately investigate the financial affairs of the Debtor, and to take appropriate action based on that investigation and in furtherance of this Court's orders. Okin Adams' services will enable the Chapter 7 Trustee to execute his duties as a fiduciary for the Debtor's unsecured creditors and are necessary to the successful functioning of the Bankruptcy Case. Because of the legal services that may become necessary in the Bankruptcy Case, and the fact that the full nature and extent of such services are not known at this time, the Chapter 7 Trustee believes that the employment of Okin Adams for all the purposes set forth above would be appropriate and in the best interests of the Debtor's estate, creditors, and all parties in interest.

16. The Chapter 7 Trustee further believes that Okin Adams possesses extensive knowledge and expertise in the relevant areas of law and that Okin Adams is well qualified to represent the Chapter 7 Trustee in this Bankruptcy Case based upon its extensive experience and expertise in the field of debtor's and creditor's rights, with representation of chapter 7 trustee, and with chapter 11 reorganizations and liquidations. In support of the Application, the Chapter 7 Trustee respectfully submits the Declaration of Matthew S. Okin (the "<u>Okin Declaration</u>") which is attached hereto as **Exhibit A** and incorporated herein by reference.

## V. <u>OKIN ADAMS IS "DISINTERSTED"</u>

17. Under section 327(a) of the Bankruptcy Code, the trustee is authorized to employ one or more professional persons that do not hold or represent an interest adverse to the estate and that are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code,

5

to represent or assist the debtor in possession in carrying out its duties under the Bankruptcy Code. 11 U.S.C. §§ 101(14) and 327(a).

      18.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> "specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountant, the United States Trustee, or any person employed in the office of the United States trustee."

FED. R. BANKR. P. 2014(a).

      19.     Okin Adams conducted a search of its database with respect to the Debtor, the Chapter 7 Trustee, and certain other parties in interest based upon the Debtor's filed schedules and service lists in this Bankruptcy Case. Okin Adams does not have any direct or indirect relationship to, connection with, or interest in the Debtor that would make its interests materially adverse to the interest of the estate or of any class of creditors or equity security holders. The details of all other connections between Okin Adams and the Debtor, its creditors, other parties-in-interest, or the Court are fully set forth and disclosed in the Okin Declaration.

      20.     The Chapter 7 Trustee has reviewed the Okin Declaration, including all the "connections" to this Bankruptcy Case disclosed therein, as such term is used in Bankruptcy Rule 2014(a). To the best of the Chapter 7 Trustee's knowledge, and except as set forth in the Okin Declaration, Okin Adams does not have any connections with the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee for the Southern District of Texas, or any person employed in the office of the United States Trustee for the Southern District of Texas. To the extent the Court determines that any connections set forth in the Okin Declaration rise to the level of an actual conflict, the Chapter 7 Trustee understands his ability, and reserves the right, to seek the Court's authority to employ conflicts counsel if

6

necessary or appropriate. However, based upon the Okin Declaration submitted in support of this Application, the Chapter 7 Trustee believes that Okin Adams is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code and is therefore qualified to be employed by the Chapter 7 Trustee.

21. Okin Adams will conduct a continuing inquiry into matters that would affect its disinterested status. In the event additional disclosure is necessary, Okin Adams will promptly file supplemental disclosures with this Court setting forth any facts and circumstances relevant thereto.

## VI. TERMS OF OKIN ADAMS' ENGAGEMENT

22. The Chapter 7 Trustee has agreed to engage Okin Adams pursuant to the Firm's standard policies and procedures, and requests that this Court approve such terms and conditions of the Firm's employment as reasonable pursuant to section 328(a) of the Bankruptcy Code.

23. Subject to the provisions of section 328 of the Bankruptcy Code, as incorporated in section 330 of the Bankruptcy Code, the Bankruptcy Rules and the Bankruptcy Local Rules, the Chapter 7 Trustee is informed that Okin Adams intends to apply for compensation for professional services rendered in connection with the Bankruptcy Case, subject to approval of this Court and compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses incurred by Okin Adams, as more specifically described in the Okin Declaration.

24. Pursuant to Bankruptcy Rule 2016(b), Okin Adams has neither shared nor agreed to share (i) any compensation it has received or may receive with another party or person, other than the partners, associates, and counsel associated with Okin Adams or (ii) any compensation another person or party has received or may receive, other than permitted pursuant to section 504

of the Bankruptcy Code. The Firm's proposed engagement is not prohibited by Bankruptcy Rule 5002.

## VII. PRAYER

WHEREFORE, the Chapter 7 Trustee requests that this Court enter an order, substantially in the form attached hereto: (i) approving the retention of Okin Adams as general bankruptcy counsel for the Chapter 7 Trustee in the Bankruptcy Case; and (ii) granting such other and further relief as the Court may deem just and proper.

Respectfully submitted on the 9th day of May 2025.

**JETALL COMPANIES, INC.**

By: /s/ *Douglas J. Brickley*
  Douglas J. Brickley
  Chapter 7 Trustee


**OKIN ADAMS BARTLETT CURRY LLP**

By: /s/ *Matthew S. Okin*
  Matthew S. Okin
  Texas Bar No. 00784695
  Email: mokin@okinadams.com
  David L. Curry, Jr.
  Texas Bar No. 24065107
  Email: dcurry@okinadams.com
  Ryan A. O'Connor
  Texas Bar No. 24098190
  Email: roconnor@okinadams.com
  1113 Vine St., Suite 240
  Houston, Texas 77002
  Phone: (713) 228-4100
  Fax: (346) 247-7158

**PROPOSED ATTORNEYS FOR CHAPTER 7 TRUSTEE, DOUGLAS J. BRICKLEY**

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 9, 2025, a true and correct copy of the foregoing Application was served: (i) via the Court's CM/ECF system to all parties consenting to service through the same; and (ii) via email and regular mail to counsel for the United States Trustee at the addresses set forth below in accordance with Bankruptcy Rule 2014(a) and Bankruptcy Local Rules 2014-1(e) and 9003-1.

                                                By:  /s/ *Matthew S. Okin*
                                                         Matthew S. Okin

Office of the United States Trustee
Attn: Jana Whitworth, Trial Attorney
515 Rusk, Suite 3516
Houston, Texas 77002
Email: Jana.Whitworth@usdoj.gov

4929-5401-8362, v. 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-35761 (JPN) |
| JETALL COMPANIES, INC., | § | |
| | § | CHAPTER 7 |
| DEBTOR | § | |

### DECLARATION OF MATTHEW S. OKIN
### IN SUPPORT OF APPLICATION FOR AN ORDER
### AUTHORIZING THE EMPLOYMENT AND RETENTION OF OKIN ADAMS
### BARTLETT CURRY LLP AS COUNSEL FOR THE CHAPTER 7 TRUSTEE

Matthew S. Okin, being duly sworn, states the following under penalty of perjury:

1. I am a partner with the firm Okin Adams Bartlett Curry LLP ("Okin Adams" or the "Firm"), which has its principal office located at 1113 Vine Street, Suite 240, Houston, Texas 77002. I am an attorney licensed to practice law in the State of Texas since 1992. Except where otherwise specifically noted, I have personal knowledge of the facts set forth below.

2. This Declaration is being submitted in support of the Application (the "Application")[1] to retain Okin Adams as counsel to Douglas J. Brickley, Chapter 7 Trustee (the "Chapter 7 Trustee") of Jetall Companies, Inc. (the "Debtor"), effective as of April 23, 2025, pursuant to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

3. Okin Adams is well qualified to serve as bankruptcy counsel to the Chapter 7 Trustee. The Firm's professionals have assisted, advised and provided legal counsel to trustees and debtors in possession in numerous chapter 7 and chapter 11 cases of all sizes.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

4. As bankruptcy counsel for the Chapter 7 Trustee, Okin Adams will render such services as are necessary and appropriate during the pendency of the Bankruptcy Case to assist the Chapter 7 Trustee in carrying out his duties. Okin Adams' decision to accept this engagement as counsel for the Chapter 7 Trustee is contingent upon its ability to be retained in accordance with its customary terms and conditions of employment.

5. The Chapter 7 Trustee respectfully submits that it will be necessary to employ and retain general bankruptcy counsel in this Bankruptcy Case pursuant to section 328 of the Bankruptcy Code to, among other things:

    (a) represent the Chapter 7 Trustee at hearings to be held before this Court and communicate with the Chapter 7 Trustee regarding the matters heard and the issues raised as well as the decisions and considerations of this Court;

    (b) review and analyze pleadings, orders, schedules, and other documents filed and to be filed with this Court by interested parties in the Bankruptcy Case; advise the Chapter 7 Trustee as to the necessity, propriety, and impact of the foregoing; and consent or object to pleadings or orders on behalf of the Chapter 7 Trustee, as appropriate;

    (c) assist the Chapter 7 Trustee in preparing such applications, motions, memoranda, proposed orders, and other pleadings as may be required in support of positions taken by the Chapter 7 Trustee, including all trial preparation as may be necessary;

    (d) confer with the professionals retained by the other parties-in-interest, as well as with such other professionals as may be selected and employed by the Chapter 7 Trustee;

    (e) coordinate the receipt and dissemination of information prepared by and received from the Debtor and its professionals, as well as such information as may be received from professionals engaged by other parties-in-interest in this Bankruptcy Case;

    (f) participate in such examinations of the witnesses as may be necessary in order to analyze and determine, among other things, the Debtor's assets and financial condition, whether the Debtor has made any avoidable transfers of property, or whether causes of action exist on behalf of the Debtor's estate; and

(g)     assist the Chapter 7 Trustee generally in performing such other services as may be desirable or required for the discharge of the Chapter 7 Trustee's duties under the Bankruptcy Code.

6.     The primary attorneys at the Firm who will represent the Chapter 7 Trustee and their rates are as follows:

| Name | Licensed | Title | Rate |
|---|---|---|---|
| Matthew S. Okin | Texas 1992 | Partner | $875 |
| David Curry, Jr. | Texas 1999 | Partner | $750 |
| Ryan A. O'Connor | Texas 2015 | Partner | $625 |
| Timothy L. Wentworth | Texas 1987 | Associate | $525 |
| Kelley Edwards | Texas 2023 | Associate | $460 |

7.     The Firm will bill the Chapter 7 Trustee for services rendered and expenses incurred on a monthly basis. The Chapter 7 Trustee will pay Okin Adams as funds are available and only after they are authorized to be paid in accordance with any applicable order of the Court and the requirements of the Bankruptcy Code.

8.     The National Bank of Kuwait, S.A.K.P. New York Branch ("NBK"), a creditor in the Bankruptcy Case, has made an offer to the Chapter 7 Trustee to loan money to the Debtor's bankruptcy estate to support the Chapter 7 Trustee's investigation and enable the Chapter 7 Trustee to carry out his duties under the Bankruptcy Code. The terms and details of such loan will be the subject of a separate motion to be filed with the Court in the near future. The relief sought by the Chapter 7 Trustee in connection with obtaining Court approval of the loan from NBK will include the Chapter 7 Trustee's request for authority to pay Okin Adams a post-petition retainer pursuant to Bankruptcy Local Rule 2016-1(b). However, the Firm's decision to accept this engagement on behalf of the Chapter 7 Truste is ***not*** contingent on the Chapter 7 Trustee receiving approval for such loan or the Firm receiving a retainer.

9. I have reviewed Okin Adams's records to determine whether the Firm or its partners have any current or prior relationship with the Debtor or any of the individuals or entities who may be creditors or parties in interest in this Bankruptcy Case. I have determined that Okin Adams has the following connections:

(a) Timothy L. Wentworth, an attorney with Okin Adams, presently represents Randy W. Williams, chapter 7 trustee of Houston Real Estate Properties, LLC. ("HREP"), Case No. 22-32998 (JPN) pending in the United States Bankruptcy Court for the Southern District of Texas. HREP was owned by Ali Choudhri; accordingly, the Debtor and HREP may have overlapping ownership. It has further been represented, but unconfirmed, that the Debtor performed management services for HREP. The Debtor filed a proof of claim in the HREP case without supporting documentation. Okin Adams filed an objection to the claim on behalf of the HREP chapter 7 trustee, and such claim was disallowed by default by Order entered on March 22, 2024. That order is now final and has not been appealed.

(b) HREP is a nominal defendant in Adversary No. 23-3141 pending in the United States Bankruptcy Court for the Southern District of Texas, styled *John Quinlan, Omar Khawaja, and Osama Abdullatif v. Jetall Companies, Inc., Arabella PH 3201 LLC, 9201 Memorial Dr. LLC, 2727 Kirby 26L LLC, Dalio Holdings I, LLC, Dalio Holdings II, LLC, Houston Real Estate Properties, LLC, Shahnaz Choudhri, Ali Choudhri, Shepherd-Huldy Development I, LLC, Shepherd-Huldy Development II, LLC, Galleria Loop Note Holder LLC, Mountain Business Center, LLC, Otisco rdX, LLC, MCITBE, LLC, Jetall/Croix Properties LP, And Jetall/Croix GP, LLC*. The Debtor is a co-defendant in the adversary proceeding. The adversary proceeding has been abated until 2026.

(c) Okin Adams represented ASR 2401 Fountainview, LP and ASR 2401 Fountainview, LLC, chapter 11 debtors in jointly-administered Case No. 14-35323 (LZP) filed in the United States Bankruptcy Court for the Southern District of Texas. In these jointly-administered cases, Jetall Companies, Inc. was retained as property manager of the primary asset of the debtors' estates, an office building. Pursuant to the confirmed plan, Jetall Companies, Inc. was also the purchaser in the case for the debtors' office building. Throughout the case, Jetall Companies, Inc. was represented by its own counsel, and Okin Adams only represented the debtor entities.

(d) Susan Tran Adams, the spouse of Christopher Adams who is a partner with Okin Adams, and her firm Tran Singh, LLP represented Grove Enterprises, LLC in a chapter 11 bankruptcy case, Case No. 21-60082 filed in the United States Bankruptcy Court for the Southern District of Texas. An entity owned or controlled by Ali Choudhri, Medical Center Micro Apartments, LLC, was a

4

        member of Grove Enterprises, LLC, and in that capacity had authority to direct certain actions of Grove Enterprises, LLC, including the decision to file bankruptcy.

    (e)    Madeline Schmidt, an associate at Okin Adams, was a former judicial law clerk to the Honorable Jeffrey P. Norman, United States Bankruptcy Judge. Ms. Schmidt accepted a position as an associate at Okin Adams and commenced work for the Firm on August 19, 2024. The Firm will maintain appropriate safeguards and implement any additional protocols the Court believes are necessary and appropriate to ensure Ms. Schmidt does not perform work on or related to this Bankruptcy Case.

    (f)    Okin Adams has previously represented Douglas J. Brickley in cases and other matters unrelated to the instant Bankruptcy Case.

10. To the extent that I have been able to ascertain, other than as stated above, Okin Adams has no connection with the Debtor or with any of the individuals or entities, of whom I am aware, that are or may become creditors or parties in interest in this case, nor, to the extent they are known to us, does Okin Adams have any connection with such parties' respective attorneys and accountants. Further, the Firm and its partners do not have any connection with the United States Trustee for the Southern District of Texas or any person employed in the office of the United States Trustee for the Southern District of Texas.

11. To the extent Okin Adams discovers any connections, I will promptly supplement this disclosure.

12. Based upon the above review and to the best of my knowledge, Okin Adams has not been retained to assist any entity or person other than the Chapter 7 Trustee on matters relating to, or in connection with, this Bankruptcy Case. If this Court approves the proposed employment of Okin Adams by the Chapter 7 Trustee, Okin Adams will not accept any engagement or perform any service for any entity or person other than the Chapter 7 Trustee in this Bankruptcy Case.

13. Okin Adams holds no interest which is materially adverse to the interests of the estate. The connections disclosed above do not create an adverse interest. To the extent the Court

5

4929-5401-8362, v. 2

determines an adverse interest exists, the Chapter 7 Trustee will seek the Court's approval to employ and retain conflicts counsel as necessary and appropriate. As such, to the best of my knowledge, Okin Adams is a "disinterested person" as defined by 11 U.S.C. § 101(14).

14. Okin Adams has not received any prior compensation from the Debtor or the Chapter 7 Trustee related to the Bankruptcy Case. *See* FED. R. BANKR. P. 2016(b). There is no agreement or understanding between Okin Adams and any other person or entity for the sharing of compensation received or to be received for services rendered by Okin Adams in connection with this Bankruptcy Case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 9, 2025

By:     /s/ *Matthew S. Okin*
       Matthew S. Okin, Partner
       **Okin Adams Bartlett Curry LLP**
       1113 Vine Street, Suite 240
       Houston, Texas 77002
       Tel: 713.228.4100
       Fax: 346.247.7158

4929-5401-8362, v. 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-35761 (JPN) |
| JETALL COMPANIES, INC., | § | |
| | § | CHAPTER 7 |
| DEBTOR | § | |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
OKIN ADAMS BARTLETT CURRY LLP AS COUNSEL FOR THE TRUSTEE**
(Relates to ECF # ___)

The Court considered the *Application for an Order Authorizing the Employment and Retention of Okin Adams Bartlett Curry LLP as Counsel for Douglas J. Brickley, Chapter 7 Trustee* (the "Application")[2] and the Declaration of Matthew Okin (the "Okin Declaration") submitted in support of the Application.  The Court hereby finds that based upon the representations made in the Application and Okin Declaration: (i) Okin Adams represents no interests adverse to the bankruptcy estate or its creditors with respect to the matter upon which it is to be engaged; (ii) Okin Adams is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as provided and disclosed in the Application and the Okin Declaration; (iii) the employment of Okin Adams is necessary and is in the best interests of the Chapter 7 Trustee and the Debtor's bankruptcy estate; and (iv) the Application should be GRANTED.  It is therefore hereby **ORDERED** that:

1.     In accordance with section 327(a) of the Bankruptcy Code, the Chapter 7 Trustee is authorized to employ and retain Okin Adams Bartlett Curry LLP to represent him as general bankruptcy counsel in the Bankruptcy Case.

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

2. Okin Adams shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Bankruptcy Case in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules and Bankruptcy Local Rules. For billing purposes, Okin Adams shall keep its time in one-tenth (1/10) hour increments.

3. Okin Adams shall make reasonable efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in the Bankruptcy Case.

4. Okin Adams shall provide reasonable notice to the Chapter 7 Trustee and the U.S. Trustee of any increases in the rates set forth in the Application and Okin Declaration, and shall file such notice with the Court.

5. To the extent the Application or the Okin Declaration are inconsistent with this Order, the terms of this Order shall control.

6. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: _____, 2025.

_____
THE HONORABLE JEFFREY P. NORMAN
UNITED STATES BANKRUPTCY JUDGE

4929-5401-8362, v. 2