**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-35761(JPN) |
| JETALL COMPANIES, INC., | § | |
| | § | CHAPTER 7 |
| DEBTOR | § | |

**CHAPTER 7 TRUSTEE, DOUGLAS J. BRICKLEY'S**
**EMERGENCY MOTION TO ENFORCE COURT'S ORDER**
(Relates to ECF # 185)

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT RESOLVE THE DISPUTE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 14 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 14 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**
>
> **RELIEF IS REQUESTED NOT LATER THAN MAY 16, 2025.**

Douglas J. Brickley, Chapter 7 Trustee (the "Chapter 7 Trustee") of Jetall Companies, Inc., the above-captioned debtor (the "Debtor"), hereby files this emergency motion (the "Motion") requesting enforcement of this Court's *Order* [ECF # 185] (the "Order"), and in support hereof, respectfully states as follows:

## I. JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

### A. Relevant Procedural History

2. On December 4, 2024 (the "Petition Date"), EAO Global LLC *d/b/a* Pop Labs ("Pop Labs"), initially, on a *pro se* basis, filed an involuntary chapter 11 petition against the Debtor in the United States Bankruptcy Court in the Western District of Texas, Austin Division, Case 24-11544-cgb (as restyled before this Court, the "Bankruptcy Case"). On December 6, 2024, the Bankruptcy Case was transferred to the United States Bankruptcy Court in the Southern District of Texas, Houston Division in Case 24-35761.

3. On December 9, 2024, an amended petition was filed by Kell C. Mercer PC ("Mercer"), on behalf of Pop Labs and Mercer's existing client, M. Nasar & Partners, PC. Shortly thereafter, on December 23, 2024, Mercer became counsel to another new petitioner, Ron Madriz ("Madriz" and, collectively, with Pop Labs and Nasar, the "Petitioning Creditors").

4. On January 9, 2025, the Petitioning Creditors filed a motion to dismiss the involuntary Bankruptcy Case.

5. On February 7, 2025, this Court issued its *Order Denying Joint Motion to Dismiss and for Order of Relief Under 11 U.S.C. 303(h)* [ECF # 39] (the "February 7 Order"), denying the motion to dismiss, entering an order of relief against the Debtor, and establishing February 14, 2025, deadline to file schedules and other required documents under Bankruptcy Rule 1007(a)(2)

2

and a February 21, 2025, deadline to file all other documents required by Bankruptcy Code section 521 and Bankruptcy Rule 1007.

6. The Debtor failed to file schedules, or any other documents, as required under the February 7 Order.

7. On February 22, 2025, three creditors, the National Bank of Kuwait, S.A.K.P., New York Branch, Houston 2425 Galleria, LLC, and Christopher R. Murray, Liquidation Trustee, filed a motion (the "Joint Motion") to convert the Bankruptcy Case from chapter 11 to chapter 7.

8. At a hearing in the Bankruptcy Case held on March 6, 2025, with the Joint Motion pending and the Debtor having failed to comply with the February 7 Order, the United States Trustee further made an oral motion for conversion of the Bankruptcy Case to chapter 7, which the Court granted. *Id.*

9. On April 22, 2025, during the Section 341 meeting of creditors, Douglas J. Brickley was elected as successor Trustee. On April 23, 2025, the Court entered its order approving the appointment of the Chapter 7 Trustee.

**B.     Circumstances Related to the Order**

10. As noted above, the February 7 Order established February 14, 2025, as the deadline to file schedules and other required documents under Bankruptcy Rule 1007(a)(2) and February 21, 2025, as the deadline to file all other documents required by Bankruptcy Code section 521 and Bankruptcy Rule 1007.

11. When, as of March 24, 2025, the Debtor remained in default under the February 7 Order, this Court entered a *Show Cause Order* [ECF # 102] (the "First Show Cause Order"), which matter was set for hearing (the "First Show Cause Hearing") on March 28, 2025.

3

12. On March 27, 2025, the Debtor filed its required Creditor Matrix reflecting the names and addresses of 32 creditors.

13. At the First Show Cause Hearing, the Court noted the filing of the creditor matrix and again ordered that schedules and a statement of financial affairs must be filed on or before April 4, 2025. *See Order Finding Debtor in Contempt* [ECF # 124] (the "Contempt Order"). No other action was taken on the First Show Cause Order.

14. On April 4, 2025, the Debtor filed an unsigned, eight-page document as its Schedule A/B of the required schedules. No other schedules were filed; nor did the Debtor file the required Statement of Financial Affairs.

15. On April 8, 2025, the Court again entered a *Show Cause Order* (the "Second Show Cause Order") requiring the Debtor to appear and show cause why the principals should not be held in contempt for the failure to file complete schedules and the statement of financial affairs.

16. Hearing on the Second Show Cause Order was held on April 11, 2025, following which the Court entered its Contempt Order. The Contempt Order required the Debtor file completed schedules and the statement of financial affairs, all which were required to be signed by the Debtor's sole member, Ali Choudhri ("Choudhri"), by 5:00 p.m. on April 11, 2025.

17. The Debtor again failed to comply, and, on April 16, 2025, the Court issued a bench warrant for Mr. Choudhri's arrest.

18. On April 18, 2025, Mr. Choudhri filed his *Amended Emergency Motion for Entry on Property* [ECF # 147] (the "Access Motion") requesting access to office space for the purpose of retrieving the necessary business records to complete the filings required by the Bankruptcy Code." *See* Order.

4

19. On April 23, 2025, with Mr. Choudhri in custody, the Debtor filed completed, but not entirely accurate, schedules and a statement of financial affairs.

20. On April 24, 2025, the Debtor filed further amended schedules (collectively, the "Jetall Schedules") and a further amended statement of financial affairs (the "Jetall SOFA"). Later that day, this Court held a hearing to consider Mr. Choudhri's motion for release. Mr. Choudhri appeared and provided sworn testimony that the Jetall Schedules and Jetall SOFA were accurately completed to the best of the Debtor's knowledge. The Court subsequently ordered Mr. Choudhri's release but further required that Choudhri amend the schedules as he became aware "that the information contained in the schedules and Statement of Financial Affairs is no longer true and correct," to "cooperate with the Chapter 7 Trustee," and appear and "give testimony under oath at any creditor's meeting set in this case." *See* ECF # 176.

21. On April 25, 2025, this Court held a hearing to consider the Access Motion and ultimately issued the Order that is the subject of the instant Motion. Among other things, the Order required that:

> [Ali] Choudhri shall not later than 5:00 p.m. on May 2, 2025, turn over to the Chapter 7 Trustee, Douglas Brickley, Stout Risius Ross LLC, 1000 Main St. Suite 3200, Houston, Texas 77002 all records, of the debtor including any document that records acts, conditions or events related to the business of the debtor, including, but not limited to, meeting minutes, memorandum, contracts, accounting records and accounting source documents both in paper and electronic form. Failure to abide by this order is punishable by civil contempt.

*Order*, p. 2.

22. As part of his initial assessment, the Chapter 7 Trustee determined that records of the Debtor had potentially been stored in office space located at 1001 West Loop South, Suite 700,

5

Houston, TX 77027 (the "Office"). Per the Jetall Schedules, as filed on April 24, 2025, the Office was leased by the Debtor.[1]

23. On April 27, 2025, the Chapter 7 Trustee, received the letter (the "Access Letter") attached hereto as **Exhibit A** which was sent by Mercer on behalf of Choudhri and Jetall Capital LLC ("Capital"). In the Access Letter, Mercer asserts that Capital has a leasehold interest in the Office—again, the same office space that is occupied by the Debtor and the same leasehold that was listed on the Jetall Schedules filed by the Debtor on April 24, 2025. [ECF #174]. In the Access Letter, Mercer alleges the existence of "substantial personal property" of certain non-debtor entities, "including but not limited to confidential business records, trade secrets, attorney client communications protected under Texas Rule of Evidence 503, attorney work product protected under Texas Rule of Civil Procedure 192.5, and other confidential and proprietary information protected by state and federal law." Access Letter at ¶3. Given the limitations imposed by the Access Letter, the Chapter 7 Trustee has only visited the Office once—on April 28, 2025, and only while representatives for the landlord and Choudhri were both present. Given the Access Letter and the presence of Choudhri's lawyers (who were filming the walkthrough), the Chapter 7 Trustee was unable to review records or even determine which records belong to his bankruptcy estate.

24. Also, on April 27, 2025, Capital commenced Adversary Proceeding No. 25-01019 in connection with the chapter 11 bankruptcy proceeding for 1001 WL, LLC, Case No. 24-10119 in the United States Bankruptcy Court for the Western District of Texas. Along with its Original Complaint, Capital also sought entry of a temporary restraining order directing the chapter 11 trustee presiding over debtor 1001 WL, LLC to grant Capital immediate access to the Office. The

---

[1] Despite Mr. Choudhri's sworn affirmation in front of this Court on April 24, 2025, that the schedules were accurate to the best of his knowledge, the schedules were subsequently amended on April 30, 2025, to remove the reference to a lease directly from the landlord. *See* ECF #197.

emergency request for a temporary restraining order was denied without prejudice on Wednesday, April 30, 2025.

25. In addition to any records that may be located within the Office, the Chapter 7 Trustee has received information indicating that certain of the Debtor's books and records are stored electronically in a cloud-based Google Drive. Mr. Brickley has requested, but has yet to receive, access to this Google Drive.

26. On May 5, 2025, the Chapter 7 Trustee filed his *Notice Regarding Compliance With Order* [ECF # 200] providing notice that as of the filing of said notice, Mr. Choudhri had not complied with the Court's Order.

### III. RELIEF REQUESTED

27. By this Motion, the Chapter 7 Trustee seeks entry of an order finding Mr. Choudhri in contempt of the Order and imposing appropriate civil sanctions. As this Court has previously noted, "[this Bankruptcy Case] will require extensive document review and unfortunately at this juncture the estate has little or no funds." *Order*, p. 2. Given the lack of resources available and Mr. Choudhri's history of frivolous and vexatious litigation, the Chapter 7 Trustee seeks immediate intervention from this Court to ensure that all of the Debtor's records are properly turned over to the Chapter 7 Trustee as previously ordered by this Court. The need for emergency relief is heightened given the Court's prior expression of concern that the records of the Debtor will go missing or be destroyed.

28. Nevertheless, given the allegations set forth in the Access Letter, the threat of litigation asserted therein, and Choudhri's history of vexatious litigation, the Chapter 7 Trustee is concerned that taking possession of records allegedly owned by parties other than the Debtor, including allegedly privileged communications between other entities owned, controlled, or

otherwise closely related to Mr. Choudhri, would result in continued litigation that the estate can ill afford. Further, given the assertion of privilege as to certain of the records, there is risk that the Chapter 7 Trustee's possession of such documents could potentially impair his ability to prosecute claims against these same entities in the future.

29. To avoid these potential pitfalls, the Chapter 7 Trustee seeks a determination from this Court that: (i) Choudhri has failed to comply with, and is in contempt of, the Court's prior Order; and (ii) that, as a result of said contempt, any claim of ownership in or assertion of privilege as to the records located at the Office has been waived.

30. Further, the Chapter 7 Trustee requests entry of an order (i) authorizing and directing the Chapter 7 Trustee to take possession of all records currently stored in the Office; (ii) requiring that Choudhri immediately surrender exclusive access to and control of the Debtor's Google Drive; and (iii) requiring Choudhri to reimburse the Chapter 7 Trustee for the costs and legal fees incurred in connection with the preparation, filing, and prosecution of this Motion.

31. Alternatively, the Chapter 7 Trustee requests authority to engage a disinterested third party to receive the records stored in the Office and the Google Drive, review the same along with any party's claim to ownership or privilege, and issue findings to this Court. Given the already noted financial state of the Debtor's estate, the Chapter 7 Trustee requests that such alternative relief be granted **only if** Mr. Choudhri, by agreement or as ordered by this Court, is liable for any costs associated with such review.

## IV. EMERGENCY RELIEF REQUESTED

32. This Court has previously expressed concerns regarding the potential risk that documents could be lost or destroyed. Further, Mr. Choudhri has a documented history of failing to comply with this Court's orders. Taking these factors into account along with the actions of Mr.

Choudhri seemingly designed to block the Chapter 7 Trustee's ability to independently review documents located in the Office, the Chapter 7 Trustee asserts that the relief requested herein is urgently required to ensure preservation of the Debtor's estate. Accordingly, emergency consideration of this Motion is requested at the Court's earliest possible availability.

## V.  **PRAYER**

WHEREFORE, the Chapter 7 Trustee requests that this Court enter an order (i) authorizing and directing the Chapter 7 Trustee to take possession of all records currently stored in the Office; (ii) requiring that Choudhri immediately surrender exclusive access to and control of the Debtor's Google Drive; (iii) requiring Choudhri to reimburse the Chapter 7 Trustee for the costs and legal fees incurred in connection with the preparation, filing, and prosecution of this Motion.; and (iv) granting such other and further relief as the Court may deem just and proper.

Respectfully submitted on the 9th day of May 2025.

**OKIN ADAMS BARTLETT CURRY LLP**

By: /s/ *Matthew S. Okin*
Matthew S. Okin
Texas Bar No. 00784695
Email: mokin@okinadams.com
David L. Curry, Jr.
Texas Bar No. 24065107
Email: dcurry@okinadams.com
Ryan A. O'Connor
Texas Bar No. 24098190
Email: roconnor@okinadams.com
1113 Vine St., Suite 240
Houston, Texas 77002
Phone: (713) 228-4100
Fax: (346) 247-7158

**PROPOSED ATTORNEYS FOR CHAPTER 7 TRUSTEE, DOUGLAS J. BRICKLEY**

4929-5401-8362, v. 2

## CERTIFICATE OF ACCURACY PURSUANT TO B.L.R. 9013-1(i)

In accordance with Bankruptcy Local Rule 9013-1(i), I hereby certify the accuracy of the matters set forth in the foregoing Motion.

By: /s/ *Matthew S. Okin*
Matthew S. Okin

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2025, a true and correct copy of the foregoing Motion was served via the Court's CM/ECF system to all parties consenting to service through the same.

By: /s/ *Matthew S. Okin*
Matthew S. Okin

4929-5401-8362, v. 2