United States Bankruptcy Court
Southern District of Texas
**ENTERED**
May 10, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 24-35761 |
| JETALL COMPANIES, | § | |
| | § | |
| Debtor. | § | |
| | § | CHAPTER 7 |

### ORDER DENYING EMERGENCY MOTION TO STAY ORDER

Pending before this Court is "Ali Choudhri's Emergency Motion to Stay Order Pending Appeal" ("Motion for Stay") filed by Ali Choudhri ("Choudhri") on May 9, 2025.[1] The Motion for Stay requests that this Court enter a stay pending an appeal pursuant to Federal Rule of Civil Procedure ("Rule") 62, made applicable through Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7062, and Bankruptcy Rule 8007. The Motion for Stay specifically requests the granting of a stay pending appeal of the order entered on April 25, 2025 (the "Order").[2]

As to Choudhri the Order under appeal requires "Choudhri shall not later than 5:00 p.m. on May 2, 2025, turn over to the Chapter 7 Trustee, Douglas Brickley, Stout Risius Ross LLC, 1000 Main St. Suite 3200, Houston, Texas 77002 all records, **of the debtor** including any document that records acts, conditions or events related to the business of the debtor, including, but not limited to, meeting minutes, memorandum, contracts, accounting records and accounting source documents both in paper and electronic form. Failure to abide by this order is punishable by civil contempt." (emphasis added). As to SLS River Oaks District, LLC the owner of the real estate at 2425 West Loop South, it is ordered to "either (1) turn over to the Chapter 7 Trustee, Douglas Brickley, Stout Risius Ross LLC, 1000 Main St. Suite 3200, Houston, Texas 77002 all records located in the debtor's business premises at 2425 West Loop South, Houston, Texas 77027 both paper and electronic to the Chapter 7 Trustee, Douglas Brickley, Stout Risius Ross LLC, 1000 Main St. Suite 3200, Houston, Texas 77002, or (2) file with the Court an Agreed Order for future turnover of possession of these documents by 5:00 p.m. on May 2, 2025."

---

[1] ECF No. 208.
[2] ECF No. 185.

The Order also provides that "[t]urnover of records and documents is subject to clawback by motion based on privilege of non-debtor entities. Access to any records or documents by any party shall be granted by further order of this Court. Parties are encouraged to seek further relief or clarification by motion."

Courts must apply the following factors in deciding whether to stay a judgment pending an appeal or resolution of another motion: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." The first two factors of the standard are the most critical. The movant has the burden to satisfy each of the four factors. Although each factor must be met, the party seeking a stay "need not always show a probability of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay.

A stay is not a matter of right, even if irreparable injury might otherwise result. A court's imposition of a stay is an exercise of judicial discretion. In exercising its discretion, a Court must consider that the "parties and the public, while entitled to both careful review and a meaningful decision, are also generally entitled to the prompt execution of [final] order[s]." First, the Court must consider whether Choudhri established a likelihood of success on the merits or presented a serious legal question.

Movant's claims are that he has a clear and protectable property interest in privileged, confidential and proprietary materials that are subject to turnover. First as to the business records of Jetall Companies ("Jetall"), the debtor, Choudhri has no protectable property interest, the records belong to the Chapter 7 Trustee, not Choudhri and the privilege, if it exists, belongs to the Trustee not Choudhri. As noted in the order "[t]he debtor may not claim privilege as it belongs to the Chapter 7 Trustee."

As to the records that exist at 2425 West Loop South the Court ordered "1) turn over to the Chapter 7 Trustee, Douglas Brickley, Stout Risius Ross LLC, 1000 Main St. Suite 3200, Houston, Texas 77002 all records located in the debtor's business premises at 2425 West Loop South, Houston, Texas 77027 both paper and electronic to the Chapter 7 Trustee, Douglas Brickley, Stout Risius Ross LLC, 1000 Main St. Suite 3200, Houston, Texas 77002, or (2) file with the Court an

Agreed Order for future turnover of possession of these documents by 5:00 p.m. on May 2, 2025." The Court notes that the date for turnover was May 2, 2025, and that the stay pending appeal was filed on May 9, 2025, seven days later. The turnover has already occurred and the request for a stay for turnover of these records is moot. However, even if not moot, as stated by the Order "[t]urnover of records and documents is subject to clawback by motion based on privilege of non-debtor entities. Access to any records or documents by any party shall be granted by further order of this Court. **Parties are encouraged to seek further relief or clarification by motion.**" (emphasis added). No such motions have been filed. The Motion for Stay claims that some of the records belong to other parties including other bankruptcy estates, however, the allegations are vague, the Court believes intentionally so, and none of those estates have filed any motions seeking the records. The Court, an experienced trial court, has provided for clawback in its Order, and it stands ready and able to protect any party which actually has a valid privilege claim and seeks relief. Again, the Court notes that no party has come forward to seek relief.

Choudhri's objections and disagreement with how the Court has ruled does not meet his burden of showing a likelihood of success on the merits nor has he has raised a serious legal question. The issue of privilege or the claim of privilege or confidential and proprietary materials are not novel issues and ones that trial courts routinely resolve. Choudhri has not presented a "serious legal question" that has "far-reaching effects" that "go well beyond the interests of the parties."

Next, the Court must consider whether Choudhri will be irreparably injured absent a stay. Choudhri asserts "[a]bsent a stay, the Movant will suffer immediate and irreparable harm through the violation of fundamental constitutional and statutory rights, including the destruction of attorney client privilege and the unauthorized disclosure of protected business information."[3] This Court disagrees. As previously stated, the Court has both the duty and ability to determine valid privilege or confidential or proprietary material claims. They have unfortunately not been made in this case.

Further the Court must determine whether issuance of the stay will substantially injure the other parties interested in the proceeding. Here the Court finds that granting the stay will substantially injure the creditors of Jetall. This is an extremely litigious case with multiple parties

---
[3] ECF No. 208, page 11, ¶31.

owed millions of dollars, who have spent millions of dollars in litigation costs. Choudhri's litigation tactics, of which this Motion for Stay is an example, have been to delay and stall the administration of this estate. A review of the docket and the orders entered in this case, which the Court encourages, shows a clear intent by Choudhri to stall the legitimate administration of the bankruptcy estate of Jetall and any potential recovery for its creditors.

Lastly, the Court must consider where the public interest lies. Here the public interest is clearly on the prompt administration of the bankruptcy estate of the debtor. A Chapter 7 bankruptcy case seeks to maximize the collective return to creditors by liquidation of the corporate debtor. This is where the public interest lies. Granting a stay would delay that process and be averse to the public interest.

For the reasons so stated the Court holds that none of the factors support the granting of a stay pending appeal and the Motion for Stay is therefore in all things denied.

**THEREFORE, IT IS ORDERED** that the Emergency Motion for Stay Pending Appeal is **DENIED**.

SIGNED 05/10/2025

Jeffrey Norman
United States Bankruptcy Judge