United States Bankruptcy Court
Southern District of Texas
**ENTERED**
May 13, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 24-35761 |
| **JETALL COMPANIES,** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | CHAPTER 7 |

## ORDER OF CONTEMPT

Hearing was held on May 13, 2025, on the Emergency Motion of the Chapter 7 Trustee, Douglas J. Brickley's to Enforce Court's Order (ECF No. 210). For the following reasons the motion is granted, in part.

On April 25, 2025, the Court entered an order[1] that required, in part, the principal of the debtor, Ali Choudhri ("Choudhri") to "not later than 5:00 p.m. on May 2, 2025, turn over to the Chapter 7 Trustee, Douglas Brickley, Stout Risius Ross LLC, 1000 Main St. Suite 3200, Houston, Texas 77002 all records, of the debtor including any document that records acts, conditions or events related to the business of the debtor, including, but not limited to, meeting minutes, memorandum, contracts, accounting records and accounting source documents both in paper and electronic form. Failure to abide by this order is punishable by civil contempt." The Court holds that Choudhri had knowledge of the order and has failed to abide by it. The Court holds Choudhri in contempt for his willful failure to abide by court order and turn over the debtor's records to the Chapter 7 Trustee. The Court grants grace for Choudhri to purge his contempt or face confinement with the United States Marshall until he purges his civil contempt.

Counsel for Choudhri who failed to file a written response to the motion raised two oral objections at the hearing. While the Court holds that the second objection is untimely,[2] it addresses both, nevertheless. First, counsel objects based on lack of notice to Choudhri. Failure to file a response cannot be grounds for disallowance of an objection, if notice was not properly received. The Court finds notice is legally and procedurally sufficient and adequate. Justin Raymone, who has filed numerous pleadings[3] in this case on behalf of Choudhri and represents him received CM/ECF notice of the motion and Order Setting Hearing.[4]

As to the second untimely oral objection counsel argues that the order requiring turnover somehow required turnover of documents to Choudhri before they were to be turned over to the Trustee.

---

[1] ECF No. 185.
[2] The Court set a written response deadline of May 12, 2025. (ECF No. 211).
[3] See ECF No. 208, 207, 203, 181, 180, and 147.
[4] Local Rule 5005-1. Filing of Papers and Signatures. (c) The notice of electronic filing that is automatically generated by the Court's electronic filing system constitutes service of the document on those registered as filing users of the system**.**

This argument while untimely is also nonsensical. The order is plain in terms of what is required by Choudhri, the turnover of the records of the debtor by Choudhri to the Chapter 7 Trustee. Choudhri's counsel makes an unconvincing argument that stretches her credibility.

The Court on the record announced it would enter an order holding Choudhri in contempt and giving him twenty-four (24) hours to purge that contempt, it thereafter adjourned. However, the parties requested that the Court reconvene based on unsettling news obtained after the hearing. The Court thereafter retook the bench to be advised that Kell Corrigan Mercer, a party affiliated with the case had committed suicide.[5] The parties therefore requested additional time for Choudhri to purge his contempt given the possibility that the death of Mr. Mercer may in some way impact Choudhri's ability to purge his contempt. However, the parties suggested that an extension of time be limited to paper documents only as the passwords and access for electronic records could more easily be provided by Choudhri. The Court agrees with these allegations.

Accordingly, not later than 5:00 p.m. on May 15, 2025, Choudhri shall immediately deliver to the Chapter 7 Trustee the user credentials (login I.D.s and passwords) such that the Chapter 7 Trustee has exclusive access to and control of any Google Drive, or other such cloud-based storage account, that is owned or controlled by Choudhri and in which any records, files, or other such documents of the debtor are currently stored.

Further, not later than May 20, 2025, Choudhri shall immediately deliver to the Chapter 7 Trustee [as previously ordered] "all records, of the debtor including any document that records acts, conditions or events related to the business of the debtor, including, but not limited to, meeting minutes, memorandum, contracts, accounting records and accounting source documents both in paper and electronic form [if not previously produced].

To the extent that any records, files or documents in the possession of or held by the Chapter 7 Trustee, either presently or in the future, the Chapter 7 Trustee is authorized to (i) review those documents in their entirety; and (ii) determine whether or not they are property of the Debtor's estate. To the extent that, after completing his review, the Chapter 7 Trustee determines that any of the foregoing records, files or documents are not property of the estate, the Chapter 7 Trustee shall make those documents, files and records available to the applicable owners thereof at such time and in a manner that the Chapter 7 Trustee, in his discretion, determines is reasonable and appropriate under the circumstances.

Within fourteen (14) calendar days from the entry of this Order, the Chapter 7 Trustee shall file on the Court's docket a notice (the "Expense Notice") setting forth the costs and legal fees incurred by the Chapter 7 Trustee in connection with preparing and prosecuting the Motion.

---

[5] Mercer's connection to this case, the debtor, Choudhri and the debtor's creditors is murky. To the best of the Court's knowledge he has never personally appeared before this Court representing the debtor or Choudhri, however, he has filed 12 pleadings or notices on behalf of a creditor of the debtor or himself. (ECF No. 187, 114, 106, 37, 33, 21, 24, 17, 16, 10, 7, 6). Mercer may or may not have represented both the debtor, Choudhri and one of the debtor's creditors at various times, however, in this case he was the attorney of record for a petitioning creditor N. Nasr & Partners, P.C. and EAO Global LLC d/b/a PopLabs as this case originated as an involuntary Chapter 11. His representation has the appearance of a conflict of interest and gives great weight to this Court's holding earlier that the original involuntary Chapter 11 case was a sham litigation tactic originating with Choudhri.

2 / 3

Any party objecting to the proposed costs and legal fees shall file an objection, which objection shall be in writing, filed on the Court's docket, and served on proposed counsel for the Chapter 7 Trustee, by not later than seven (7) days after the filing of the Expense Notice. To the extent an objection is timely filed, the Court shall conduct a hearing to consider the reasonableness of the Chapter 7 Trustee's incurred expenses. If no objections are timely filed, the costs and legal fees set forth in the Expense Notice shall be deemed to reasonable and be allowed without further order of the Court.

Not later than fourteen (14) calendar days following a determination that the costs and legal fees set forth in the Expense Notice are reasonable, Choudhri shall pay an amount equal to the costs and legal fees set forth in the Expense Notice or otherwise to the Chapter 7 Trustee.

All other requested relief is denied. The Trustee is authorized to file an Agreed Order regarding access to the office and business records of the debtor located at 1001 West Loop South, Suite 700, Houston, Texas with the legal entity who controls such real property.

**SO ORDERED.**

SIGNED 05/13/2025

_____
Jeffrey Norman
United States Bankruptcy Judge