United States Bankruptcy Court
Southern District of Texas
**ENTERED**
May 14, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-35761 (JPN) |
| JETALL COMPANIES, INC., | § | |
| | § | CHAPTER 7 |
| DEBTOR | § | |

**STIPULATION AND AGREED ORDER REGARDING OFFICE USE AND ACCESS**

This stipulation and agreed order (the "Stipulation and Agreed Order") is entered into by and between Douglas J. Brickley, Chapter 7 Trustee (the "Trustee Brickley") of Jetall Companies, Inc., the above-captioned debtor (the "Debtor") and J. Patrick Lowe ("Trustee Lowe"), Chapter 11 Trustee of 1001 WL, LLC ("1001 WL Debtor"), regarding access to and use of the Office (defined herein) pursuant to the terms set forth herein.

## RECITALS

A.   On December 4, 2024 (the "Petition Date"), an involuntary chapter 11 petition was filed against the Debtor in the United States Bankruptcy Court in the Western District of Texas, Austin Division, Case 24-11544-cbg (as restyled before this Court, the "Bankruptcy Case"). On December 6, 2024, the Bankruptcy Case was transferred to the United States Bankruptcy Court in the Southern District of Texas, Houston Division in Case 24-35761.

B.   On February 7, 2025, this Court issued an order converting this case to a chapter 7 case and setting certain deadlines by which the Debtor was required to file schedules and all other documents required pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007. Mr. Brickley was duly elected on April 22, 2025.

C.   Relying upon the schedules ("Schedules") filed by the Debtor, the accuracy of which was attested to by the Debtor's principal, Ali Choudhri ("Choudhri") under oath and in

support of Choudhri's pending motion for release from custody, Mr. Brickley has asserted that the Debtor holds a leasehold interest in and to the office space located at 1001 West Loop South, Suite 700, Houston, TX 77027 (the "Office").

D. The building in which the Office is located is owned by the 1001 WL Debtor, which is itself a debtor in chapter 11 proceedings pending in the United States Bankruptcy Court for the Western District of Texas – Austin Division, Case No. 24-10119. (the "1001 WL Case"). Trustee Lowe is the duly appointed chapter 11 trustee in the 1001 WL Case.

E. On or about April 27, 2025, Trustee Brickley and Trustee Lowe, each through their respective counsel, received correspondence from Jetall Capital LLC ("Capital"), a related, non-debtor entity affiliated with Mr. Choudhri, in which Capital asserted that (i) Capital, not the Debtor, held the lease to the Office; and (ii) the Office space housed certain documents, records, and other personal property owned by Capital and other non-debtor entities.

F. Given the Debtor's Schedules filed in this Bankruptcy Case, and clear physical evidence of this Debtor's occupancy of the Office, Trustee Brickley and Trustee Lowe have reached agreement regarding use of and access to the Office on the terms set forth herein.

G. On May 9, 2025, Trustee Brickley filed his emergency motion[1] to enforce this Court's prior *Order* [ECF # 185], which, amongst other relief requested, requested entry of an order authorizing and directing Trustee Brickley to take possession of the Office and its contents. By order issued following a May 15, 2025 hearing, the Court granted the motion to enforce, in part, and specifically directed Trustee Brickley to submit a proposed agreed order reflecting any agreements by and between Trustee Brickley and Trustee Lowe related to access and/or use of the

---

[1] ECF # 210.

2

4929-5401-8362, v. 2

Office. Accordingly, the parties respectfully submit this Stipulation and Agreed Order reflecting the agreement by and between Trustee Brickley and Trustee Lowe.

## AGREED ORDER

**NOW, THEREFORE, IT IS STIPULATED AND AGREED TO BY THE PARTIES, AND, UPON APPROVAL BY THE COURT OF THIS STIPULATION, IT IS SO ORDERED AS FOLLOWS:**

1. The above recitals are incorporated by reference with the same force and effect as if fully set forth hereinafter.

2. Trustee Lowe shall grant to Trustee Brickley exclusive use of and access to the Office free of cost for such time as is agreed by the parties; *provided*, *however*, that such use and access shall be terminated only after the expiration of thirty (30) calendar days following written notice of Trustee Lowe's intent to terminate being delivered to Trustee Brickley.

3. Trustee Brickley is hereby authorized and directed to secure all personal property located within the Office (collectively, the "Office Content"), including, but not limited to:

    (a) all records of the Debtor, including (i) any meeting minutes, memorandum, contracts, accounting records and accounting source documents; and (ii) any other documents, records or files that record acts, conditions or events related to the business of the Debtor; and

    (b) all personal property, books, or records of any party other than the Debtor (each a "Third Party," and collectively, the "Third Parties").

4. Upon taking possession of the Office Contents, Trustee Brickley shall review the property therein and shall identify any Office Contents belonging to a Third Party. To the extent that Trustee Brickley identifies property belonging to a Third Party, such property shall be turned over to that Third Party. Trustee Brickley shall conduct his review of the Office Contents such that the review is completed within a reasonable amount of time; *provided*, *however*, that such review

shall further be conducted in such a manner as to avoid incurring unreasonable or burdensome expense to the Debtor's estate.

5. Trustee Brickley shall take possession of the Office Contents without prejudice to any claim of ownership or right of Third Parties in, to, or relating to the Office Contents. To the extent that the Third Parties assert an ownership interest in or right related to any specific property alleged to be included in the Office Contents, such Third Party shall notify Trustee Brickley in writing to proposed counsel for Trustee Brickley either by first-class mail to the address below

Douglas J. Brickley, Chapter 7 Trustee<br>
c/o Okin Adams Bartlett Curry LLP<br>
1113 Vine St., Suite 240<br>
Houston, Texas 77002

or, if by email, to Matthew Okin, mokin@okinadams.com, with copy to David Curry, dcurry@okinadams.com.

6. To the extent that a Third Party asserts a need or right to access the Office Contents, access shall be provided *solely to extent* granted by further order of this Court. Third Parties are encouraged to seek such further relief or clarification by motion.

Signed: May 14, 2025

Jeffrey P. Norman
United States Bankruptcy Judge

4

4929-5401-8362, v. 2

AGREED AS TO FORM AND SUBSTANCE:

| **OKIN ADAMS BARTLETT CURRY LLP** | **GRAVES, DOUGHERTY, HEARON & MOODY, P.C.** |
|---|---|
| By:  /s/ *David L. Curry, Jr.*<br>Matthew S. Okin<br>Texas Bar No. 00784695<br>Email: mokin@okinadams.com<br>David L. Curry, Jr.<br>Texas Bar No. 24065107<br>Email: dcurry@okinadams.com<br>Ryan A. O'Connor<br>Texas Bar No. 24098190<br>Email: roconnor@okinadams.com<br>1113 Vine St., Suite 240<br>Houston, Texas 77002<br>Phone: (713) 228-4100<br>Fax: (346) 247-7158<br><br>*Proposed Counsel for the Chapter 7 Trustee* | By:  /s/ *Brian T. Cumings (with permission)*<br>Brian T. Cumings<br>Texas Bar No. 24082882<br>Email:  bcumings@gdhm.com<br>401 Congress Avenue, Suite 2700<br>Austin, TX 78701<br>Telephone: 512.480.5626<br>Facsimile: 512.536.9926<br><br>**COUNSEL FOR JOHN PATRICK LOWE, CHAPTER 11 TRUSTEE** |

4929-5401-8362, v. 2