IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § | |
| § | Case No. 24-35761 (JPN) |
| JETALL COMPANIES, INC., § | |
| § | Chapter 7 |
| Debtor. § | |

**EMERGENCY MOTION OF DOUGLAS BRICKLEY, CHAPTER 7 TRUSTEE, FOR AN ORDER: (I) AUTHORIZING ON AN INTERIM BASIS THE OBTAINING OF POST-PETITION FINANCING ON A SECURED AND SUPERPRIORITY BASIS PURSUANT TO 11 U.S.C. § 364, (II) SCHEDULING A FINAL HEARING ON POST-PETITION FINANCING UNDER FED. R. BANKR. P. 4001 AND (III) AUTHORIZING PAYMENT OF POST-PETITION RETAINER TO COUNSEL**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT RESOLVE THE DISPUTE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 14 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 14 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**
>
> **RELIEF IS REQUESTED NOT LATER THAN MAY 28, 2025.**

Douglas Brickley, chapter 7 trustee (the "Trustee") of the above-captioned debtor (the "Debtor"), respectfully moves on an emergency basis for entry of an Order: (i) authorizing the Trustee's obtaining post-petition financing in the amount of $75,000 on a secured and superpriority administrative expense basis pursuant to section 364 of the Bankruptcy Code and Rule 4001 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") on the terms set forth in the Financing Stipulation (as defined below) and proposed order granting relief, on an interim basis; (ii) scheduling a final hearing on the obtaining of post-petition financing under Bankruptcy Rule 4001, at which he will request final authorization for the proposed post-petition financing; (iii) authorizing the payment of a $50,000 post-petition retainer to the Trustee's proposed general counsel from this financing; and (iv) providing related relief (the "Motion"); and in support states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested are sections 105, 345, 363 and 364. The relevant Bankruptcy Rules include Bankruptcy Rules 4001 and 6004, and, by analogy, Local Bankruptcy Rule 2016-1(b).

## BACKGROUND

### A. The Debtor's business and proceedings to date

2. Prior to the commencement of this case, the Debtor held itself out as being involved in the property management business; operating and managing various properties owned by entities related to or affiliated with the Debtor's principal, Ali Choudhri.

3. An involuntary chapter 11 case was filed against the Debtor on December 4, 2024, ECF No. 1. An order for relief under chapter 11 was entered against the Debtor on February 7, 2025. *See* Order Denying Joint Motion to Dismiss and for Order of Relief Under 11 U.S.C. 303(h), ECF No. 39. The Court appointed the Trustee after granting the U.S. Trustee's oral motion to convert this case to a chapter 7 case on March 6, 2025. *See* Order Converting Case to Chapter 7, ECF No. 68.

**B.     The Trustee's Needs to Obtain First Priority Secured Financing Enjoying Superprioirty Administrative Expense Status**

4.     As this Court has previously noted, "[t]his case will require extensive document [discovery and] review and unfortunately at this juncture the estate has little or no funds." *Order* [ECF # 185], p. 2.

5.     Although the Trustee has taken necessary steps to secure books and records from the owner of the 2425 Property and store those records on advantageous terms at the 1001 Property, there have been and will continue to be legal and other costs incurred or anticipated to be incurred by the Trustee, including pending appeals in this case and related litigation in this District and others. To undertake these tasks, the Trustee needs to be able to retain and compensate counsel and counsel also requires assurance of some compensation. Similarly, the Trustee expects that he will need to retain others to review and evaluate documents. Without undertaking these efforts, the Trustee cannot meaningfully start the process of executing on his statutory obligations under section 704 of the Bankruptcy Code.

6.     Based on the schedules and statement of financial affairs filed by the Debtor, the estate has no cash and its other assets are unknown, speculative in nature, or subject to dispute. The Debtor also has not identified any secured creditors.

7.     The Trustee, therefore, sought $75,000 in financing from NBK to fund a $50,000 retainer to his proposed counsel and to provide $25,000 for other costs expected to be incurred in connection with the Trustee securing the Debtor's books and records and conducting his initial assessment thereof.

8.     NBK has agreed to provide this financing, on the terms and conditions set forth in the stipulation attached as Exhibit A (the "<u>Financing Stipulation</u>").

9.     Without limiting the terms of the Financing Stipulation,

3

  (A)  The $75,000 in financing will be provided to the Trustee on a first-priority secured, superpriority administrative expense basis pursuant to section 364(c) and (d).  The security interest will attach to all property and interests of the estate, including all claims, causes of actions and recoveries, including claims and recoveries under chapter 5 of the Bankruptcy Code, all as more fully described in the attached proposed order allowing this Motion.

  (B)  Interest on the amount advanced will accrue at the rate of 12 % per annum.

  (C)  The entire amount of the financing will be made available to the Trustee upon interim approval of the Financing Stipulation to fund a retainer for the Trustee's counsel and provide funding for other costs in connection with the books and records being secured by the Trustee.

  (D)  In a dispute over the Financing Stipulation, fees and costs will be awarded to the prevailing party.

  (E)  NBK will be repaid from the first funds collected by the Trustee as and when collected without further order of the Court.

10.  As set forth below, the relief requested in this Motion is the Trustee's only option for being able to obtain the necessary funding to carry out this work.

### C. The Trustee is Entitled to Authority to Obtain Secured Post-Petition Financing on a Superpriority Basis Pursuant to 11 U.S.C. § 364

11.  Section 364(c) of the Bankruptcy Code provides that if the trustee is unable to obtain unsecured credit allowable as an administrative expense under Section 503(b)(l) of the Bankruptcy Code, then the bankruptcy court, after notice and a hearing, may authorize the trustee to obtain credit or incur debt on, *inter alia*, the following bases:

  (1)  with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title;

  (2)  secured by a lien on property of the estate that is not otherwise subject to a lien; or

  (3)  secured by a junior lien on property of the estate that is subject to a lien.

11 U.S.C. § 364(c).

4

4932-2679-9427, v. 4

12. Section 364(d)(l) of the Bankruptcy Code provides, "The court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if – (A) the trustee is unable to obtain such credit otherwise; and (B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted." The Trustee notes that no secured creditor of the Debtor has been identified in this case such that the lien to be granted to NBK in connection with the Financing Stipulation will be a first priority lien without the need to grant adequate protection to any other creditor.

13. Bankruptcy Rule 4001 governs the obtaining of post-petition financing and provides that the Court may (i) permit the Trustee to obtain post-petition financing and grant the other permanent relief requested herein after a final hearing on at least fourteen days' notice; and (ii) authorize the Trustee to obtain financing "necessary to avoid immediate and irreparable harm to the estate pending a final hearing."

14. Without the entry of the requested order authorizing post-petition financing on an interim basis, the Trustee will lack the funds necessary to obtain and begin to review the Debtor's books and records, which needs to be undertaken immediately.

### D. The Trustee Should be Authorized to Pay His Proposed Counsel a Post-Conversion Retainer

15. Section 363(b) of the Bankruptcy Code authorizes the Trustee to use estate property outside of the ordinary course of business with court approval after notice and a hearing. Bankruptcy Rule 6004 implements the process for use of estate property.

16. As described above, the Trustee needs counsel to be able to address the many issues he has faced and will face in connection with securing and evaluating the Debtor's books and

records and other relevant records over which he is securing control. Indeed, to date, that effort has been contentious and litigious.

17. It is well within the Trustee's exercise of his business judgment to pay his proposed counsel a retainer, in the amount of $50,000, to assure needed representation.

18. In chapter 11 cases, Local Rule 2016-1(b) contemplates the payment of post-petition retainers. By analogy, and especially on the challenging facts of this case and associated with the Debtor's principal, the Court should authorize the Trustee's payment of this retainer.

## EMERGENCY RELIEF REQUESTED

19. This Court has previously expressed concerns regarding the potential risk that the Debtor's documents could be lost or destroyed. Further, as the Court has recognized, "[t]his case will require extensive document [discovery and] review and unfortunately at this juncture the estate has little or no funds." *Order* [ECF # 185], p. 2. This Motion seeks to address those concerns expressed by the Court which are indeed shared by the Trustee. While the Trustee and his professionals have acted as necessary to preserve assets and keep this case moving forward, the professionals are thus far doing so without any assurance that they will be paid for their services. Further, the Trustee has had to rely, thus far, on third parties to cover various costs that will necessarily be incurred in fulfilling his duties. The Trustee cannot continue to act without some means of paying the costs and expenses he will necessarily incur. Given the circumstances, the Trustee believes interim emergency relief is justified and asks the Court to set an interim hearing on the financing sought in this Motion no later than Wednesday, May 28, 2025 or as soon thereafter as the Court's calendar will allow.

## NOTICE

20. Notice of this Motion is being provided to: (i) the Office of the United States Trustee; (ii) counsel for the Debtor; (iii) counsel to NBK; (iv) the Debtors' creditors as listed in

6

the Debtors' schedules of assets and liabilities filed with the Court; and (v) all parties who have requested notices pursuant to Bankruptcy Rule 2002.  Under the circumstances of this case, the Trustee submits that no further notice need be given.

WHEREFORE, the Trustee respectfully requests that the Court grant the Motion and enter an Order, in substantially the form attached hereto: (i) authorizing the Trustee's obtaining post-petition financing in the amount of $75,000 on a secured and superpriority administrative expense basis pursuant to section 364 of the Bankruptcy Code and Bankruptcy Rule 4001 on the terms set forth in the Financing Stipulation and Order, on an interim basis; (ii) scheduling a final hearing on the Motion under Bankruptcy Rule 4001, at which he will request final authorization for the proposed post-petition financing; (iii) authorizing the payment of a $50,000 post-petition retainer to the Trustee's proposed general counsel from this financing; and (iv) providing related relief. Respectfully submitted on the 20th day of May 2025.

**OKIN ADAMS BARTLETT CURRY LLP**

By:   /s/ *Matthew S. Okin*
     Matthew S. Okin
     Texas Bar No. 00784695
     Email: mokin@okinadams.com
     David L. Curry, Jr.
     Texas Bar No. 24065107
     Email: dcurry@okinadams.com
     Ryan A. O'Connor
     Texas Bar No. 24098190
     Email: roconnor@okinadams.com
     1113 Vine St., Suite 240
     Houston, Texas 77002
     Phone: (713) 228-4100
     Fax: (346) 247-7158

**PROPOSED ATTORNEYS FOR CHAPTER 7 TRUSTEE, DOUGLAS J. BRICKLEY**

4932-2679-9427, v. 4

**CERTIFICATE OF ACCURACY PURSUANT TO B.L.R. 9013-1(i)**

In accordance with Bankruptcy Local Rule 9013-1(i), I hereby certify the accuracy of the matters set forth in the foregoing Motion.

By: /s/ *Matthew S. Okin*
Matthew S. Okin

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2025, a true and correct copy of the foregoing Motion was served via the Court's CM/ECF system to all parties consenting to service through the same.

By: /s/ *Matthew S. Okin*
Matthew S. Okin

4932-2679-9427, v. 4