United States Bankruptcy Court
Southern District of Texas
**ENTERED**
June 13, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 24-35761 (JPN) |
| JETALL COMPANIES, INC., | § | |
| | § | Chapter 7 |
| Debtor. | § | |

**FINAL ORDER GRANTING EMERGENCY MOTION OF DOUGLAS BRICKLEY, CHAPTER 7 TRUSTEE, FOR AN ORDER: (I) AUTHORIZING ON AN INTERIM BASIS THE OBTAINING OF POST-PETITION FINANCING ON A SECURED AND SUPERPRIORITY BASIS PURSUANT TO 11 U.S.C. § 364, (II) SCHEDULING A FINAL HEARING ON POST-PETITION FINANCING UNDER FED. R. BANKR. P. 4001 AND (III) AUTHORIZING PAYMENT OF POST-PETITION RETAINER TO COUNSEL**

Upon the *Emergency Motion of Douglas Brickley, Chapter 7 Trustee, for an Order: (i) Authorizing the Trustee's obtaining post-petition financing in the amount of $75,000 on a secured and superpriority administrative expense basis pursuant to section 364 of the Bankruptcy Code and Bankruptcy Rule 4001 on the terms set forth in the Financing Stipulation, on an interim basis; (ii) Scheduling a final hearing on the obtaining of post-petition financing under Bankruptcy Rule 4001, at which he will request final authorization for the proposed post-petition financing; and (iii) Authorizing the payment of a $50,000 post-petition retainer to the Trustee's proposed general counsel from this financing* (the "Motion") [ECF No. 233];[1] service of the Motion having been proper and adequate; and after due deliberation thereon; and good and sufficient cause appearing; therefore, it is hereby ORDERED:

1.      On May 22, 2025, the Court approved the Motion on an interim basis, overruling any objections and scheduling a final hearing on the Motion for June 13, 2025 (the "Interim Order") [ECF No. 240]. The Court authorized the Trustee to execute and deliver the Financing

---

[1] All capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

4926-0499-4637.v3

Stipulation which had been attached to the Motion, to draw the entire amount of the financing and to pay the Trustee's then proposed general counsel a $50,000 post-petition retainer.

2. No objections to approval of the Motion on a final basis have been filed, and no party has filed an exhibit and witness list in anticipation of the June 13, 2025 hearing.

3. On June 12, 2025, the Trustee filed a fully executed copy of the Financing Stipulation, which had been attached to the Motion, and reported that he had requested the full $75,000 funding from the lender and the lender had advanced the fund. [ECF No. 280]

4. The Interim Order is incorporated here by reference. The reasons for granting the Motion on an interim basis remain true and fully support approving the Motion on a final basis under sections 363 and 364 of the Bankruptcy Code.

5. The terms of the Financing Stipulation are approved in their entirety and are incorporated into this Final Order as if fully set forth herein.

6. As security for the post-petition financing, the Court hereby approves, without the necessity of the execution, recordation, or filing by the Trustee or NBK of mortgages, security agreements, control agreements, pledge agreements, financing statements or other similar documents in any jurisdiction or filing office, the Trustee's grant, on behalf of the Debtor's Estate, pursuant to section 364(d)(1) of the Bankruptcy Code, valid, binding, continuing, enforceable, fully perfected priming first priority senior security interests in and liens upon all assets of the Debtor's Estate whether existing on the Petition Date or thereafter acquired, including causes of actions of the Debtor and its Estate, including, without limitation breach of duty claims, malpractice claims, any restitution and forfeiture judgments awarded to and collected by the Trustee on behalf of the Debtor's Estate, and commercial tort claims, and including the Debtor's and its Estate's claims and causes of action under sections 502(d), 544,

545, 547, 548, 549, 550, and 553 of the Bankruptcy Code and any other avoidance actions under the Bankruptcy Code. and the proceeds thereof, (collectively, the "Collateral" and all such liens and security interests granted to NBK for its benefit pursuant to the Financing Stipulation, the "Post-Petition Liens").

7. As further adequate protection for and to the extent of the post-petition financing, pursuant to section 364(c)(1) of the Bankruptcy Code, NBK has a valid and effective super-priority administrative expense claim pursuant to section 507(b) of the Bankruptcy Code (the "Super-Priority Claim"), with priority in payment over any and all administrative expenses of the kinds specified or ordered pursuant to any provision of the Bankruptcy Code, including, without limitation, sections 105, 326, 328, 330, 331, 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), and 726, without any further action by NBK.

8. NBK shall not be required to file proofs of claim or other requests for payment on account of any claim, obligation, or indebtedness arising under the Financing Stipulation.

9. The Trustee is authorized and directed to repay the amounts owed to NBK under this proposed financing from the first dollars received by this estate, as and when received, without further order of this Court.

10. Nothing in this Final Order limits, modifies or affects the following release, which was effective as of entry of the Interim Order and which remains effective: the Trustee, on behalf of the Debtor and its Estate, forever and irrevocably releases and discharges NBK and its respective officers, employees, directors, agents, representatives, owners, members, partners, financial and other advisors and attorneys and each of their successors in interest (collectively, the "Releasees") of and from any claims, demands, rights, assertions, actions, suits, controversies, proceedings, losses, damages, injuries, attorneys' fees, costs, expenses, or

4926-0499-4637.v3

judgements of every type, whether known, unknown, asserted, unasserted, suspected, unsuspected, accrued, fixed, contingent, pending or threatened, including, without limitation, all legal and equitable theories of recovery, arising under common law, statute or regulation or by contract, of every nature and description, arising out of, in connection with, or relating to the Financing Stipulation, and/or the transactions contemplated thereunder or hereunder, except to the extent such claim, damage, loss, liability or expense is found in a final non-appealable judgment by a court of competent jurisdiction to have resulted from such Releasee's actual fraud or willful misconduct; provided that nothing in this Paragraph 10 is intended to limit or release any commitments or obligations of NBK to provide financing in accordance with the Financing Stipulation.

11. The automatic stay under 11 U.S.C. § 362 is hereby modified to the extent necessary to permit the Trustee and NBK to implement the Financing Stipulation.

12. Notwithstanding any Bankruptcy Rules that may provide to the contrary, the relief provided in this Order is effective immediately.

Signed: June 13, 2025

Jeffrey P. Norman
United States Bankruptcy Judge

4926-0499-4637.v3