IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | Case No. 24-35761 |
| JETALL COMPANIES, | § § § | Chapter 7 |
| Debtor. | § | |

MOTION REQUESTING CONTINUANCE

**TO THE HONORABLE JEFFREY NORMAN,**
**U.S. BANKRUPTCY JUDGE FOR THE SOUTHERN DISTRICT OF TEXAS:**

COME NOW Clint Alexander, Law Practice Custodian for Kell Mercer, P.C., Deceased ("Custodian"), and files this Motion Requesting Continuance of the hearing set for Thursday June 26, 2025. In support of this Motion, the Law Practice Custodian shows the following:

1.  **Underlying Motion**: Kell C. Mercer died on May 13, 2025.  On June 23, 2025, the Probate Court No. 1 of Travis County, Texas entered an Order Assuming Jurisdiction and Appointing Custodian for Law Practice of Kell C. Mercer and Kell C. Mercer, P.C.  A certified copy of that Order is attached as Exhibit 1 to this Motion.  The Custodian has been attempting to determine the status of Kell C. Mercer's active client matters.  The Custodian is currently unable to determine if Kell C. Mercer represented Ali Choudhri, EAO Global LLC, M. Nasr and partners, PC or Ron Madriz in this case, and has received conflicting information.  The Custodian is requesting a continuance of the current setting in order to identify all client materials that pertain to this case and forward them to new counsel for these clients.  The Custodian will not be entering an appearance for any of Mr. Mercer's clients but will return all client materials to the client or their new counsel.  The Custodian does not file this Motion for purposes of delay, and is seeking a 30-day continuance to allow Mr. Mercer's clients to obtain their client file from the Custodian and deliver it to new counsel.

2. **Certificate of Conference**: The undersigned has conferred with counsel that he could contact on June 25, 2025. All counsel is opposed to the request for a continuance..

3. **Time Estimate for Hearing**: It is anticipated that the hearing on the motion for continuance will take approximately 15 minutes, including argument and evidence.

4. **Dates/Times when all parties are available**: A date 30 days after June 26, 2025, is requested.

5. **Pro Hac Vice Application**. Custodian has simultaneously filed a request for admission Pro Hac Vice to the Southern District of Texas for this matter.

WHEREFORE, PREMISES CONSIDERED, the Custodian respectfully requests that the hearing set for June 26, 2025, be continued and given a special setting 30 days from now, and for such other and further relief to which they may be justly entitled.

Dated: June 25, 2025.                                         Respectfully submitted,

BARNES LIPSCOMB & STEWART PLLC

/s/ Clint Alexander
Clint Alexander
State Bar No. 24062581
Rollingwood Center
2500 Bee Cave Road
Building 2, Suite 150
Austin, Texas 78746
512/328-8355
512/328-8413 (Fax)
calexander@bls-legal.com
**Law Practice Custodian for Kell C. Mercer, P.C.**

## CERTIFICATE OF SERVICE

      I hereby certify that, on the 25TH day of JUNE 2025, a true and correct copy of the foregoing document was filed via the Court's electronic e-service and will be served in accordance with the Federal Rules of Bankruptcy Procedure upon the parties identified on the attached service list via regular United States mail.

                                                */s/ Clint Alexander*
                                                Clint Alexander

Case 24-35761   Document 299   Filed in TXSB on 06/26/25   Page 4 of 6

Filed 06/25/2025 11:11:15 AM
Dyana Limon-Mercado
Travis County Clerk
C-1-PB-25-001139
Hicks, Blair

CAUSE NO. C-1-PB-25-001139

| | | |
|---|---|---|
| IN THE MATTER OF | § § | IN THE PROBATE COURT |
| THE LAW PRACTICE OF KELL C. MERCER AND KELL C. MERCER, P.C. | § § § § | NO. 1 OF<br><br>TRAVIS COUNTY, TEXAS |

## ORDER ASSUMING JURISDICTION AND APPOINTING CUSTODIAN FOR LAW PRACTICE

On June 17, 2025, the Court heard the *Application for Assumption of Jurisdiction Over the Law Practice of Kell C. Mercer and Kell C. Mercer, PC, Deceased* ("Decedent"), Deceased filed by Lynn Hamilton Butler. The Court finds that the Application should be granted, that this Court should assume jurisdiction over the law practice of Kell C. Mercer and Kell C. Mercer, PC, Deceased, and that a custodian should be appointed.

Based on the Application and the evidence presented, the Court finds as follows:

(1) The Court has venue and jurisdiction over this matter.

(2) Decedent was an attorney licensed to practice law in the State of Texas (SBOT No. 24007668) and the sole attorney practicing with the office of Kell C. Mercer, P.C.

(3) Decedent died on May 13, 2025.

(4) Decedent has left client matters for which no other attorney licensed to practice law in Texas has, with the consent of his clients, agreed to assume responsibility.

(5) There is cause to believe that the interests of one or more clients of Decedent will be prejudiced if these proceedings are not maintained.

(6) Clinton W. Alexander is an attorney licensed to practice law in the State of Texas (SBOT No. 24062581).

(7) Clinton W. Alexander is willing to assume responsibility for the client files and to take necessary actions to preserve the interests of the clients of Decedent and the office of Kell C. Mercer, P.C.

(8) Supervision of the Court over the law practice of Decedent is warranted and necessary.

(9) Clinton W. Alexander is qualified to act as custodian of the Decedent's client files and law practice.



ORDER ASSUMING JURISDICTION AND APPOINTING CUSTODIAN                                                                 1

IT IS, THEREFORE, ORDERED that this Court assumes jurisdiction over the law practice of Kell C. Mercer, Deceased and the office of Kell C. Mercer, P.C.

IT IS FURTHER ORDERED that Clinton W. Alexander is appointed custodian of the client files and records of Kell C. Mercer, Deceased and the office of Kell C. Mercer, P.C.

IT IS FURTHER ORDERED that Clinton W. Alexander, in his role as custodian, shall have the power to:

    a. Examine the client matters, including files and records of Decedent's practice, and obtain information about any matters that may require attention.
    b. Notify persons and entities that appear to be clients of Decedent of the assumption of the law practice, and suggest that they obtain other legal counsel.
    c. Apply for extension of time before any court or administrative body pending the client's employment of other legal counsel.
    d. With the prior consent of the client, file such motions and pleadings on behalf of the client as are required to prevent prejudice to the client's rights.
    e. Give appropriate notice to persons or entities that may be affected other than the client.
    f. Arrange for surrender or delivery to the client of the client's papers, files, or other property.
    g. Destroy all files and information not claimed or retrieved by current and former clients within an appropriate time as ordered by this Court;
    h. As to matters to be taken over by other lawyers, withdraw as attorney of record contemporaneously with client consent and the agreement of other counsel to be substituted;
    i. Administer any IOLTA accounts or other accounts at Capital One Bank or any other financial institutions linked to Decedent's law practice, in accordance with Chapter 456 of the Texas Estates Code, including but not limited to the power to be the authorized signer on such accounts, determine who is entitled to receive the funds in any such accounts, disburse said funds to the appropriate persons, entities, or to Decedent's estate, and/or close any such accounts.
    j. Take such other actions in closing the practice as may be appropriate.

IT IS FURTHER ORDERED that, while acting pursuant to this order of the Court, Clinton W. Alexander will have no liability by reason of acting pursuant to this Order of the Court or in accordance with Rules 13.02 and 13.03 of the Texas Rules of Disciplinary Procedure except for his intentional misconduct or gross negligence.



**ORDER ASSUMING JURISDICTION AND APPOINTING CUSTODIAN**    2

IT IS FURTHER ORDERED that the Custodian, Clinton W. Alexander, shall serve without bond or other security.

Signed on:

June 23, 2025

_____
JUDGE PRESIDING
Hon. Guy Herman, Probate Court 1

I, Dyana Limon-Mercado, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on JUN 25 2025
Dyana Limon-Mercado, County Clerk
By Deputy: D. LARKEY