IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-35761(JPN) |
| JETALL COMPANIES, INC., | § | |
| | § | CHAPTER 7 |
| DEBTOR | § | |

**DOUGLAS J. BRICKLEY, TRUSTEE'S NOTICE OF RULE 2004
EXAMINATION OF AMERICAN EXPRESS
AND REQUEST FOR PRODUCTION OF DOCUMENTS**

TO:   American Express, c/o CT Corporation System, 1999 Bryan St., Suite 900, Dallas Texas 75201.

PLEASE BE ADVISED that Douglas J. Brickley, Trustee will examine American Express on Tuesday, August 5, 2025 at 10:00 a.m. at the offices of Okin Adams Bartlett Curry, LLP, 1113 Vine St., Suite 240, Houston, Texas 77002.  The attorneys for Douglas J. Brickley, Trustee will conduct said examination pursuant to Rule 2004 of the Bankruptcy Rules of Procedure.  The examination will continue from day to day until completed.

In addition, American Express is required to produce the original or a copy of all documents listed on the attached **Exhibit A** at or before the 2004 examination to the offices of Okin Adams Bartlett Curry, LLP, 1113 Vine St., Suite 240, Houston, Texas 77002.

**PLEASE NOTE THAT IF THE REQUIRED DOCUMENTS ARE PRODUCED PRIOR TO THE SCHEDULED EXAMINATION DATE, THE EXAMINATION WILL BE CANCELLED**.

          **OKIN ADAMS BARTLETT CURRY LLP**

          By:  /s/ Timothy L. Wentworth
              Timothy L. Wentworth
              Texas Bar No. 21179000
              Email:  twentworth@okinadams.com
              1113 Vine Street, Suite 240
              Houston, Texas 77002
              Telephone:  (713) 228-4100
              Facsimile:  (346) 247-7158

          **ATTORNEYS FOR DOUGLAS J. BRICKLEY, TRUSTEE**

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing instrument and Subpoena for Rule 2004 Examination was forwarded by United States First Class Mail, and by Certified Mail, to the following, on the 10th day of July, 2025:

American Express
c/o CT Corporation System
1999 Bryan St., Suite 900
Dallas Texas 75201

                                  */s/ Timothy L. Wentworth*
                                  Timothy L. Wentworth

## EXHIBIT "A"

All American Express statements for any and all accounts in the name of Jetall Companies or Jetall Companies, Inc., including without limitation account numbers XXXX-XXXXX0-42007 (Account name Shahnaz Choudhri and Jetall Companies) and account number XXXX-XXXXX8-28002 (Account name Ali Choudhri and Jetall Companies) for the period of December 1, 2020 to the present.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

__SOUTHERN__ District of __TEXAS__

In re __JETALL COMPANIES, INC.__  
Debtor

Case No. __24-35761 (JPN)__

Chapter __7__

## SUBPOENA FOR RULE 2004 EXAMINATION

To: __American Express, c/o CT Corporation System, 1999 Bryan St., Suite 900, Dallas Texas 75201__
*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Okin Adams Bartlett Curry, LLP<br>1113 Vine St., Felipe, Suite 240<br>Houston, Texas 77002 | 08/05/25    10:00 am |

The examination will be recorded by this method: __Only production of documents is required.__

■ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

All American Express statements for any and all accounts in the name of Jetall Companies or Jetall Companies, Inc., including without limitation account numbers XXXX-XXXXX0-42007 (Account name Shahnaz Choudhri and Jetall Companies) and account number XXXX-XXXXX8-28002 (Account name Ali Choudhri and Jetall Companies) for the period of December 1, 2020 to the present.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __7/10/2025__

CLERK OF COURT

OR _/s/ Jim Wentworth_

_Signature of Clerk or Deputy Clerk_        _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Douglas J. Brickley, Trustee__, who issues or requests this subpoena, are:

Timothy L. Wentworth, 1113 Vine St., Suite 240, Houston, TX 77002, twentworth@okinadams.com, (713) 255-8882

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: Douglas J. Brickley, Trustee
on *(date)* 07/10/25 .

☒ I served the subpoena by delivering a copy to the named person as follows: CT Corporation System
1999 Bryan St., Suite 900, Dallas Texas 75201
_____ on *(date)* 07/10/25 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: 07/10/25

*Server's signature*

Timothy L. Wentworth
*Printed name and title*

1113 Vine St., Suite 240
Houston, Texas 77002

*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)